**John Grady O'HARA, Jr., Appellant,**

v.

**The DALLAS SCENE, INC., Appellee.**

**No. 5056.**

Court of Civil Appeals of Texas, Waco.

Aug. 12, 1971.

Howard D. Pattison, Dallas, for appellant.

Atwell, Malouf, Musslewhite & Bynum, David Musslewhite, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court granting plaintiffs a temporary injunction, restraining defendant, pending final hearing, from: 1) further prosecuting a forcible entry and detainer suit pending in the Justice Court Precinct One, Dallas County, between the parties; 2) dispossessing plaintiff from the premises here involved.

Plaintiff Dallas Scene, filed this case against defendant O'Hara, alleging plaintiff leased certain premises from defendant for one year by written lease with option to renew for three additional years; that plaintiff exercised its option to renew, but defendant disputes such fact, and filed a forcible entry and detainer suit for possession of the premises in Justice Court. Plaintiff prayed for declaratory judgment declaring its renewal of the lease valid, damages, and temporary injunction restraining defendant from pursuing the forcible entry and detainer suit, and from otherwise dispossessing plaintiff from the premises pending outcome of the suit on its merits.

The trial court after hearing on temporary injunction, enjoined defendant from further prosecuting the forcible entry and detainer suit, and from dispossessing plaintiff from the premises here involved, pending final disposition of the cause. (The trial court further ordered plaintiff to file bond and continue to pay the rent.)

Defendant gave notice of appeal and caused transcript and statement of facts to be filed, but has filed no brief, in this court. We review the case on the record in the trial court as provided by Section d, Rule 385 Texas Rules of Civil Procedure.

The record reflects plaintiff tenant had a one year written lease on the premises here involved, which provided for a renewal option for three additional years; that plaintiff gave notice to renew the lease under the option; and has spent $158,000, in improvements to the property. Defendant owner of the property asserts that the renewal was not effective.

In suits for temporary injunction the trial court is endowed with broad discretion to grant or deny the injunction; and the scope of appellate review in such cases is limited to the narrow question of whether the action of the trial court constitutes a clear abuse of discretion. Moreover the purpose of the temporary injunction is to preserve the status quo or the subject matter of the suit pending a final trial on its merits. Janus Films Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589.

Under the record we cannot say the trial court abused its discretion in granting the temporary injunction.

Affirmed.