Pearl BUTTERY, Appellant,

v.

Mrs. Lee BUSH, Appellee.

No. 1174.

Court of Civil Appeals of Texas, Tyler.

Dec. 21, 1978.

Rehearing Denied Jan. 11, 1979.

James H. Pearl, Casseb, Leon, Rodgers, Strong & Pearl, San Antonio, for appellant.

Craig C. Radtke, Edward G. Marion, Jr., Hollon & Marion, Boerne, for appellee.

McKAY, Justice.

This is a declaratory judgment action by a lessor to have a lease of real property declared void and to declare the rights of the parties. Trial was to the court which granted judgment to the lessee based upon a plea of res judicata. The lessor now appeals.

Appellant Pearl Buttery, known also as Mrs. Miles Buttery, plaintiff below, owns a certain piece of real property located on the southwest corner of Main and Berry Streets in the city of Llano. Since at least 1961 the building located on that property has been used as a washateria. In that year, W. L. Bush, deceased husband of appellee, began operation of the business there. On October 23, 1970, appellant and W. L. Bush executed a written instrument, denominated a "contract" and dated October 19, 1970, whereby appellant agreed to lease the property at the northeast corner of said intersection, "known as a gasoline station," to W. L. Bush for a period of five years from the date thereof, the consideration therefor to be fifty dollars ($50.00) per month beginning November 1, 1970. Appellant also granted Bush an option to renew the lease for an additional period of five years. There is no dispute that the property actually used by W. L. Bush and appellee and for which they have paid monthly rental under the lease is the *southwest* corner of the intersection. W. L. Bush died on April 29, 1971, before the expiration of the primary term of the lease. Although Bush had a will naming appellee as executrix, it has not been admitted to probate. On October 28, 1975, appellee attempted to exercise the option to renew the lease by notifying appellant by letter of her election to do so and enclosing a cashier's check for the rental for the month beginning November 1, 1975. Appellant refused to accept the check and returned it to appellee. Appellee continued sending the monthly rental by cashier's checks at least until the time of trial, but appellant never negotiated any of them.

On March 15, 1976, appellant instituted an action of forcible entry and detainer for possession of the property involved here (the southwest corner of the intersection, on which the washateria is located) in the Justice Court, Precinct One, Llano County. Judgment for possession was entered on April 9, 1976, in favor of appellee. Appellant then instituted this action in the district court on July 12, 1976, against appellee to have the lease instrument and the attempted exercise of the option declared void. Appellee answered by general denial and interposed the affirmative defense of res judicata, citing the justice court judgment and alleging the parties and the issues therein to be identical to those involved here. A hearing was had before the court without a jury. Appellee was the only witness called and examined and the facts as generally set out above were established. At the conclusion of the testimony, appellee moved for judgment on her plea of res judicata. Judgment was entered sustaining the motion and denying appellant all relief. It is from this judgment that appellant has duly perfected her appeal.

The question presented here by appellant's first point is whether a suit seeking a judgment declaring the rights of the parties to a written lease and renewal option on the premises in question is barred by res judicata because of the suit and judgment for possession in the justice court. There is also a prayer for general relief, but there is no pleading or prayer for immediate or actual possession. Art. 2524–1,[1] Uniform Declaratory Judgment Act, sec. 2, provides:

"Any person interested under a deed, will, written contract, or other writings

---

1. All statutory references are to Texas Revised Civil Statutes, unless otherwise indicated.

constituting a contract, or whose rights, status, or other legal relations are affected by a Statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, Statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Section 5 of Art. 2524–1 provides that the enumeration in sections 2, 3, and 4 does not limit or restrict the general powers conferred on the courts in section 1, and section 6 provides the court may refuse to render a declaratory judgment when such judgment would not terminate the uncertainty or controversy giving rise to the proceeding.

There are a number of Texas cases which hold that a justice court or a county court judgment in a forcible detainer suit is res judicata on the issue of the right to possession of the premises involved, and another suit may not be brought in another court which would again put in issue the right of possession.[2] In those cases it was determined that the same issue, i. e., the right of actual possession, was directly litigated in a subsequent suit between the same parties, involving the same premises which had been litigated in a forcible detainer suit in the justice or county court, and such subsequent suit was barred by res judicata. In the instant case the right to actual possession is not directly at issue; moreover, if appellant here eventually prevails by obtaining a favorable construction of the lease or the option to extend, it will be necessary for her to take further steps to gain possession of the premises if she can do so. Art. 2524–1, sec. 8.

In the recent case of *Martinez v. Beasley*, 572 S.W.2d 83 (Tex.Civ.App.—Corpus Christi 1978, no writ), it was held that (p. 85) "a judgment of possession in a forcible detainer action is a determination *only of the right to immediate possession* of the premises, and does not determine the ulti-

mate rights of the parties to any other issue in controversy relating to the realty in question." [Emphasis added.] *Martinez* was a suit to cancel a deed of trust which would affect the title to the property there; however, the language of the opinion is not restricted to that type suit or to those named in Art. 3994. It has been held that the word "trespass" in Art. 3994 includes a suit for trespass to try title, and such a title suit filed subsequently on the same premises is not barred by a previous judgment on the issue of possession in county court.

"[T]he issue of temporary possession alone is adjudicated in the Justice Court in the Forcible Entry and Detainer action and it is not res judicata of an action to recover title brought in the District Court.

"Also, a Forcible Entry and Detainer action being one to determine only the issue of possession and damages, the judgment in such a case cannot be res judicata of other rights the parties may have, such as for breach of contract, profits, or waste." 6A Texas Practice, Lowe, Remedies, sec. 1042, Forcible Entry and Detainer, p. 29 (1973).

The action for forcible detainer is strictly possessory in its nature—therefore, ordinarily the *immediate* right of possession is all that is involved or can be determined. 36A C.J.S. Forcible Entry and Detainer, § 3, p. 963; *Martinez v. Beasley*, supra; *Johnson v. Highland Hills Drive Apartments*, 552 S.W.2d 493 (Tex.Civ.App.—Dallas 1977, writ ref'd n. r. e.).

This suit is not an action seeking the immediate right to possession or the right to actual possession. It is a suit under the Uniform Declaratory Judgments Act to obtain a declaration of rights. We hold that the justice court judgment involved here was not res judicata of the instant suit for declaratory judgment.

---

**2.** *Rankin v. Hooks*, 81 S.W. 1005 (Tex.Civ.App.—Dallas 1904, no writ); *Slay v. Fugitt*, 302 S.W.2d 698 (Tex.Civ.App.—Dallas 1957, writ ref'd n. r. e.); *Young Women's Christian Association of Austin, Texas v. Hair*, 165 S.W.2d 238 (Tex.Civ.App.—Austin 1942, writ ref'd w. o. m.); *Glau-Moya Parapsychology Training Institute, Inc. v. Royal Life Insurance Co.*, 507 S.W.2d 824 (Tex.Civ.App.—San Antonio 1974, no writ).

Appellant's other points of error were not ruled on by the trial court, and we do not reach them.

The judgment of the trial court is reversed, and the cause is remanded to that court.