HOUSING AUTHORITY OF the CITY OF EL PASO, et al., Appellants,

v.

Luisa Rodriguez YEPEZ and Carmen Talamantes, Appellees.

No. 08-90-00038-CV.

Court of Appeals of Texas, El Paso.

April 18, 1990.

Rehearing Overruled May 16, 1990.

Edward Dunbar, Michael C. Crowley, Christie, Berry & Dunbar, El Paso, for appellants.

Pedro Martin, Maria B. Ramirez, El Paso Legal Asst. Society, El Paso, for appellees.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a temporary order by the district court enjoining the Housing Authority from prosecuting a forcible entry and detainer action against the Appellees in justice court.

Petitioners for the injunction contended that they are tenants of the Housing Authority, and that the Housing Authority must provide them with a grievance hearing as a part of their rental contract and mandated by 42 U.S.C.A. sec. 1437d(k) (West Supp.1989) and 24 C.F.R. secs. 966.-51–966.58 (1989) prior to eviction. They further contend that by denying them the hearing, their rights to equal protection of the law have been denied to them under the 14th Amendment to the United States Constitution.

Section 966.51(a) provides that the grievance procedure may be excluded in evictions based upon a tenant's creation or maintenance of a threat to the health or safety of other tenants or Housing Authority employees.

 For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. *McGlothlin v. Kliebert*, 672 S.W.2d 231 (Tex.1984).

Any action by the district court is premature. The justice court had jurisdiction to determine the status of the litigants, whether a grievance procedure was to be allowed or if the facts of the case placed it

within the exclusion. There is adequate remedy at law.

The temporary injunction is dissolved.