## TMC MEDICAL, LTD., Appellant,

v.

## The LASATERS FRENCH QUARTER PARTNERSHIP, Appellee.

No. 12–93–00114–CV.

Court of Appeals of Texas, Tyler.

Dec. 31, 1993.

Opinion Overruling Rehearing March 11, 1994.

---

J. Bennett White, Tyler, for appellant.

Ric Freeman, M. Keith Dollahite, Tyler, for appellee.

RAMEY, Chief Justice.

This is an interlocutory appeal from the denial of a temporary injunction. The Appellant, TMC Medical, Ltd. ("TMC"), sued its landlord, Appellee, The Lasaters French Quarter Partnership ("the French Quarter"), seeking a declaratory judgment that an exchange of letters prior to the expiration of its lease constituted the formation of a new lease. The action was filed just prior to the original lease's expiration date, and a temporary restraining order was issued, restraining the French Quarter from executing any conflicting lease on the disputed premises or evicting TMC. Thereafter an evidentiary hearing was held on TMC's application for a temporary injunction. The trial court denied the injunction, and TMC brought this appeal. This court stayed the proceedings, preserving the status quo while considering this accelerated appeal. We will affirm the trial court's denial of the application for temporary injunction.

TMC asserts that the trial court, in refusing to grant its requested temporary injunction, erred in:

1) requiring TMC to prove its case on the merits as a prerequisite for granting the injunction,

2) denying TMC its constitutional rights to procedural due process, and

3) requiring TMC to show a probable right of recovery.

All three of these points of error turn on the central question of whether the trial court's announced conclusion that no new lease was ever entered into by the parties was an appropriate and sufficient basis for denying the application for a temporary injunction. We are of the opinion that the trial court was correct in refusing to issue the injunction, but not for the reasons articulated by the court at the close of the temporary injunction hearing.

In Texas, the procedure to determine the right to possession of real property, if there was no unlawful entry, is the action of forcible detainer. Section 24.002, Tex.Prop.Code Ann. (Vernon Supp.1993). Such actions are properly brought in the justice court. Section 24.004, Tex.Prop.Code Ann. (Vernon Supp.1993). The only issue tried and determined in a detainer suit is the right to actual possession. Rule 746, Tex.R.Civ.P. *Johnson v. Fellowship Baptist Church*, 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). Since the tenant's right to possess leasehold property does not present any question of title, disputes regarding such possession are subject to the jurisdiction of the appropriate justice court, whose jurisdiction in these types of action is exclusive. *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex.1984).

Prior to 1984 there was conflicting authority concerning the right of district courts to enjoin landlords from instituting detainer suits. In a case similar to the instant suit the plaintiff tenant, seeking a declaratory judgment that its renewal of a lease was valid, procured a temporary injunction against its landlord which prohibited further prosecution of a detainer suit. The temporary injunction was upheld on appeal, the court noting that "the purpose of the temporary injunction is to preserve the status quo or the subject matter of the suit pending a final trial on its merits." *O'Hara v. Dallas Scene*, 470 S.W.2d 63, 64 (Tex.Civ.App.— Waco 1971, no writ). However, another line of cases had held to the contrary that "[w]hen the sole matter involved is one of possession, the district court has no authority to restrain by injunction a trial of the same issue in justice court." *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex.Civ.App.—Houston 1980, writ ref'd n.r.e.).

In 1984 the Supreme Court resolved this split of authority:

For the district court to enjoin the exercise of the justice court's exclusive jurisdiction

in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. There is no showing that the justice court would be without jurisdiction in this case. This suit is merely a landlord-tenant dispute over possession of the leased premises. [The tenant] concedes that title to the premises is not an issue. Therefore, the only way [the tenant] could entitle himself to relief in the district court is to show facts that existed which prevented [him] from making his defense at law in the justice court.

*McGlothlin,* 672 S.W.2d at 232. The *O'Hara* case, and others authorizing the enjoining of eviction proceedings, were expressly overruled by *McGlothlin.* And although TMC rests its right to the injunction at issue here on the statutory basis authorized by Section 65.011(5), Tex.Civ.Prac. & Rem.Code Ann., the *McGlothlin* case explicitly overruled cases such as *Simpson v. McGuirk,* 194 S.W. 979, 981 (Tex.Civ.App.—Dallas 1917, no writ), in which the injunction reviewed was grounded, not in traditional equity, but in statutory law. Article 4643, Vernon's Civil Statutes, the predecessor of Sec. 65.001, Tex. Civ.Prac. & Rem.Code Ann. The justice court alone has jurisdiction to determine the possessory rights of the parties. *Housing Authority of the City of El Paso v. Yepez,* 790 S.W.2d 730 (Tex.App.—El Paso 1990, writ dism'd w.o.j.). The supreme court has decided that the issues pertaining to possession of the leasehold premises, such as a claimed new lease agreement, should be initially asserted in justice court. *McGlothlin,* 672 S.W.2d at 232, 233.

We therefore hold that the trial court had no authority to enjoin eviction proceedings, and did not err in refusing the temporary injunction requested by TMC. TMC's three points of error are overruled.

The denial of the temporary injunction by the court below is **affirmed.** The temporary stay entered by this court shall be **vacated** when this ruling becomes final. Because the only issue presented in this appeal is whether the trial court erred in refusing to order a temporary injunction, we do not address the issues involved in the pending declaratory judgment action.

## OPINION ON MOTION FOR REHEARING

In its motion for rehearing Appellant TMC Medical, Ltd. ("TMC") raises three points of error. The first takes issue with this Court's conclusion that the trial court had no jurisdiction to enjoin recourse to an eviction suit in the appropriate justice court by Appellee The Lasaters French Quarter Partnership.

TMC attempts to distinguish the circumstances in this case from those presented in *McGlothlin v. Kliebert,* 672 S.W.2d 231 (Tex. 1984) and *Housing Authority of the City of El Paso v. Yepez,* 790 S.W.2d 730 (Tex. App.—El Paso 1990, writ dis'm w.o.j.), insofar as, in both of those cases, the challenged injunctions were directed to pending actions in a justice court, whereas, here, no action to evict TMC had yet been filed.

Though the distinction exists, it is irrelevant. This is not a case in which two courts have concurrent jurisdiction, and the first to take jurisdiction retains it to the exclusion of the other. *McGlothlin*'s language respecting the "justice court's exclusive jurisdiction" is a clear reference to such court's unique competence to adjudicate eviction proceedings. Were TMC's reading of *McGlothlin* accepted, on the other hand, the justice court could *always* be ousted of its exclusive jurisdiction by resort to a pre-emptive action for declaratory judgment in a court of record.

TMC additionally argues that our opinion is inconsistent with our previous opinion in *Buttery v. Bush,* 575 S.W.2d 144 (Tex.Civ. App.—Tyler 1979, writ ref'd, n.r.e.), which held that a judgment of eviction in a justice court is not *res judicata* of a declaratory judgment action on the validity of the identical lease. In fact, the *Buttery* opinion reinforces our conclusion that the two causes of action are separate and distinct, and that the overlapping subject matter of the two should not provide a justification for one court's exercise of exclusive jurisdiction to override another's.

TMC asserts that it is illogical that a court having jurisdiction to render a declaratory

judgment lacks the authority to issue orders necessary to preserve the status quo pending final judgment. But that is the clear consequence of the holdings in the *McGlothlin* and *Yepez* cases, and such allocation of jurisdiction is not illogical inasmuch as the state's jurisprudence includes the provision for an expeditious resolution of disputes going to immediate possession. We therefore overrule TMC's first point of error.

TMC's second and third points of error reurge the objections to the trial court's refusal to issue the requested injunction raised in their original submission. Insofar as we adhere to our original opinion regarding the trial court's lack of jurisdiction to enter the requested order, we need not reach the issues presented in these last two points of error.

The motion for re-hearing is **overruled.**