Criminal Case Template
















COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





THE HOUSING AUTHORITY OF THE
CITY OF EL PASO ,



 Appellant,



v.





LUISA RODRIGUEZ YEPEZ, CARMEN
TALAMANTES, ANTONIO R.
CARRILLO AND DORA CALDERA ,



 Appellees.
§



§



§



§



§



§



§




No. 08-02-00301-CV



Appeal from the



County Court at Law No. Seven



of El Paso County , Texas



(TC# 89-13683 )




MEMORANDUM OPINION




 This is an accelerated interlocutory appeal from the denial of Appellant's plea to the jurisdiction. For the reasons stated, we
dismiss for want of jurisdiction in part and reverse and render in part.







I. SUMMARY OF THE EVIDENCE

 This is yet another installment in the litigation that began in 1989. (1) Appellee, Luisa Rodriguez Yepez, is a resident of the
Kennedy complex, a public housing project owned and operated by Appellant, The Housing Authority of the City of El Paso
("HACEP"). (2) Appellee, Carmen Talamantes, resides with Yepez and Appellees, Antonio R. Carrillo and Dora Caldera, are also
residents of the Kennedy complex. Edmund Carrera, individually and in his capacity as Executive Director of HACEP, Pat
Michael, individually and in her official capacity as the Eligibility Officer of HACEP, and Carmen Leal, Joseph Loya, Robert S.
Ayoub, Myrna Deckert and Robert Garland, in their capacities as Members of the Board of Commissioners of HACEP, are also
parties to the litigation, but are not parties to the current appeal. 

 On January 15, 1986, the Board of Commissioners of HACEP adopted a "Resident Council Handbook." The purpose of the
Resident Council was to promote more effective communication between residents and management. HACEP's role was to
organize, train, evaluate, coordinate and advocate for the purpose of encouraging active resident participation in planning and
problem solving for matters of concern to residents. The Resident Council was to advise management of problems within the
complex and to work with HACEP in coming up with a solution. The Handbook stated that the Board of Commissioners was the
policy-making body for HACEP. 

 Yepez was elected president of the Kennedy Brothers' Resident Council, while Carrillo became treasurer and Caldera became
vice president. In August of 1989, Yepez and other presidents of Residents' Council met as a "Presidents Council" and in
September of 1989, this council attempted to deliver a letter to Leal, President of the HACEP Board of Commissioners ("the
Board"). Leal refused to accept the letter because the council had not been recognized by the Board. 

 On December 5, 1989, Laura Chin, the Resident Programs Counselor for HACEP, advised Yepez and the other Kennedy
Brothers' Resident Council members that HACEP had decided to terminate recognition of the Kennedy Resident Council due to
its failure to "cooperate with and participate in the Housing Authority's grant application to eliminate the problem of drugs and
drug related crime in the Kennedy Project." On the same day, Carrera circulated fliers advertising that Yepez and the other
Kennedy Brothers' Resident Council members had been terminated for refusing to allow HACEP to obtain the money to hire
security guards. Carrera's fliers also advertised that elections would be held on December 7, 1989 at 6 p.m. and urged residents to
vote for "a council who will work for you and your children" and that "gets Security Guards to protect you from drugs and crime." 

 Elections were held as scheduled and Armida Jelsovar was elected president and Fernando Rizo was elected vice president. Chin
testified that Carrera had instructed her to invalidate Rizo's election because he was friends with Yepez. HACEP then held
another election on December 9, 1989 to replace Rizo as vice president, and to elect a treasurer, a secretary, and a
sergeant-at-arms. Rizo and Yepez were present at the second election and according to a police report filed by Chin, Yepez
assaulted her. Chin later testified that it was an accident; that she did not feel threatened or scared; and that she had respect for
Yepez. She also stated that she would not have called police if her supervisor, Helen Perez, had not instructed her to do so. 
Yepez was arrested approximately three days later. She was handcuffed, booked and fingerprinted. The charges were later
dropped. 

 On December 11, 1989, HACEP served Yepez with a three-day notice to vacate her apartment alleging she had violated her lease
agreement by assaulting Chin. Yepez was advised that if she did not vacate her apartment, legal proceedings would be initiated
against her. She was further advised that she would not be permitted to utilize the HACEP informal and formal grievance
procedures because of the seriousness of the alleged violation. On December 22, 1989, HACEP filed a forcible entry and detainer
(FED) action against Yepez and Talamantes. The jury in the FED action resolved the issues in favor of Yepez and Talamantes,
finding that they had not committed a serious violation of their lease. As a result, their tenancy was not terminated and they
remain, to date, tenants of HACEP. 

 Appellees then filed suit against Carrera, Michael, HACEP, and the members of its Board of Commissioners alleging that they
had impeded the efforts of the tenants to organize in violation of 12 U.S.C. § 1715z-1b(b)(4) and 42 U.S.C. § 1983. (3) Appellees
also alleged that Appellants violated their rights to freedom of speech and association in violation of the First Amendment to the
United States Constitution and 42 U.S.C. § 1983. Yepez additionally asserted a cause of action for intentional infliction of
emotional distress. Carrera and Michael filed a motion for summary judgment asserting that they were entitled to official
immunity. The trial court denied the motion and this Court affirmed on appeal. Carrera v. Yepez, 6 S.W.3d 654, 670 (Tex.
App.--El Paso 1999, pet. dism'd w.o.j.). 

 Thereafter, HACEP filed a plea to the jurisdiction arguing that Yepez failed to plead the prerequisites for recovery under 42
U.S.C. § 1983. HACEP maintained that the trial court did not have jurisdiction over Yepez' Section 1983 claim because she did
not have proof of three elements required for liability under 42 U.S.C. § 1983: a policy maker, an official policy, and a violation of
constitutional rights whose "moving force" is the policy or custom. (4) See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694, 98 S.
Ct. 2018, 2038, 56 L.Ed.2d 611 (1978). HACEP also asserted the defense of sovereign immunity in regards to Yepez' claim of
intentional infliction of emotional distress, arguing that immunity had not been waived. In response, Appellees argued that their
Fifth Amended Petition set forth facts affirmatively demonstrating the trial court's jurisdiction. The trial court denied HACEP's
Second Amended Plea to the Jurisdiction. This interlocutory appeal follows.

II. DISCUSSION


 HACEP brings six issues challenging the trial court's denial of its plea to the jurisdiction. We begin with a discussion of the
standard of review. 

A. De Novo Standard of Review

 On appeal, because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the
jurisdiction under a de novo standard of review.Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). The plaintiff
bears the burden of alleging facts affirmatively demonstrating the trial court's jurisdiction to hear a case. Tex. Ass'n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993); Mission Consol. Indep. Sch. Dist. v. Flores, 39 S.W.3d 674, 676 (Tex.
App.--Corpus Christi 2001, no pet.). The trial court must not weigh the merits of the case, but instead consider only the pleadings
and evidence pertinent to the jurisdictional question. County of Cameron v. Brown, 80 S.W.3d 549, 555-56 (Tex. 2002) (citing
Texas Natural Res. Conservation Comm'n v. White, 46 S.W.3d 864, 868 (Tex. 2001); Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000)). In doing so, the trial court must construe the plaintiff's pleadings liberally in favor of jurisdiction, Peek v.
Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989), and must take all factual allegations pleaded as true, unless the defendant
pleads and proves that the allegations were fraudulently made to confer jurisdiction. Continental Coffee Prods. Co. v. Cazarez,
937 S.W.2d 444, 449 (Tex. 1996). If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction and such
defect is incurable, immediate dismissal of the case is proper. Peek, 779 S.W.2d at 804-05; City of Austin v. L.S. Ranch, 970
S.W.2d 750, 753 (Tex. App.--Austin 1998, no pet.). However, the mere failure of a petition to state a cause of action does not
show a want of jurisdiction in the court. Bybee v. Fireman's Fund Ins. Co., 160 Tex. 429, 331 S.W.2d 910, 917 (1960). If the
plaintiff's pleadings are insufficient to demonstrate the court's jurisdiction, but do not affirmatively show incurable defects in
jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissing. Brown, 80 S.W.3d at 555;
Peek, 779 S.W.2d at 804-05.

B. Jurisdiction

 Appellees filed a motion to dismiss the appeal for want of jurisdiction, which we will address first. In their motion to dismiss,
Appellees assert that HACEP's "plea to the jurisdiction" raises no jurisdictional issue but rather argues that Appellees have not
pleaded a Section 1983 cause of action. Appellees insist that HACEP's claim is essentially that Appellees have failed to state a
cause of action, which does not give rise to this Court's jurisdiction to entertain an interlocutory appeal. Rather, Appellees
maintain that the issues raised by HACEP's plea to the jurisdiction should have been raised by way of a special exception or
summary judgment. With the exception of HACEP's argument regarding Yepez' claim for intentional infliction of emotional
distress, we agree.

 The failure to state a cause of action is not a jurisdictional defect. When a party fails to plead a cause of action, the defendant's
response is special exceptions, not a plea to the jurisdiction. See Cedar Crest Funeral Home, Inc. v. Lashley, 889 S.W.2d 325, 331
(Tex. App.--Dallas 1993, no pet.); see also Tex. R. Civ. P. 90, 91. Instead of dismissing an improper claim for want of
jurisdiction, the trial court must afford the plaintiff an opportunity to replead, and if he fails or refuses to amend the pleading
deficiency, then the claim, or the defendant against whom the claim is asserted, may be dismissed. See Cedar Crest Funeral
Home, 889 S.W.2d at 331. 

 As recently stated in University of Texas Medical Branch at Galveston v. Wood, "[u]nder the Texas Rules of Civil Procedure, a
special exception is the procedural device by which an adverse party may force clarification of vague pleadings." 2002 WL
31890102, *3 (Tex. App.--Houston [14th Dist.] December 31, 2002, no pet.)(not designated for publication) (citing Fort Bend
County v. Wilson, 825 S.W.2d 251, 253 (Tex. App.-- Houston [14th Dist.] 1992, no writ); Centennial Ins. Co. v. Commercial
Union Ins. Cos., 803 S.W.2d 479, 483 (Tex. App.--Houston [14th Dist.] 1991, no writ) ("Only after special exceptions have been
sustained and a party has been given an opportunity to amend its pleadings may a case be dismissed for failure to state a cause of
action.")). The court noted that it was not holding, or even intimating, that the filing of special exceptions is a necessary
prerequisite to a plea to the jurisdiction. Id. at n4. Rather, the court stated that where a plaintiff's vague original petition tracks
statutory language, and such vagueness is the only deficiency identified as the incurable jurisdictional defect, a defendant must
first file special exceptions before attempting to avail himself of a plea to the jurisdiction. Id. at n4. Thus, the court found that a
plea to the jurisdiction was not the appropriate mechanism to challenge a plaintiff's failure to plead specific facts describing the
actual negligent use of tangible property bars the waiver of governmental immunity. Id. at *1. 

 We agree that failure to state a cause of action is not a jurisdictional defect. Accordingly, we find that HACEP's plea to the
jurisdiction with regard to Appellees' Section 1983 claims does not give rise to this Court's jurisdiction to entertain an
interlocutory appeal, and we will not address those issues. We will only address HACEP's Issue No. Six, as it relates to Yepez'
claim of intentional infliction of emotional distress. 

C. Sovereign Immunity As a governmental unit, HACEP is immune from both suit and liability unless the Tort Claims Act has
waived that immunity. See Renteria v. Housing Authority of City of El Paso, 96 S.W.3d 454, 457 (Tex. App.--El Paso
2002)(citing Tex. Loc. Gov't Code Ann. § 392.006 (Vernon 1999)). (5) Section 101.021 of the Tort Claims Act has been
interpreted as waiving sovereign immunity in three general areas: "use of publicly owned automobiles, premises defects, and
injuries arising out of conditions or use of property." Texas Dept. of Transp. v. Able, 35 S.W.3d 608, 611 (Tex. 2000)(quoting
Lowe v. Texas Tech University, 540 S.W.2d 297, 298 (Tex.1976)). Pursuant to Section 101.021, a governmental unit in the state
is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an
employee acting within his scope of employment if: 



(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven
equipment; and

 

(B) the employee would be personally liable to the claimant according to Texas law; and 



(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). Yepez concedes in her brief that she can find no case law in
support of her claim of intentional infliction of emotional distress against HACEP. However, she does not waive any claim she
has for intentional infliction of emotional distress against Carrera and Michael in their individual capacities. 

 Accordingly, we sustain HACEP's Issue No. Six and find that the trial court erred in denying HACEP's plea to the jurisdiction as
it relates to Yepez' claim of intentional infliction of emotional distress against HACEP. That portion of the trial court's judgment
is reversed and rendered. 

August 20, 2003



 ______________________________________ RICHARD
BARAJAS, Chief Justice



Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

1. See Carrera v. Yepez, 6 S.W.3d 654 (Tex. App.--El Paso 1999, pet. dism'd w.o.j.); Housing Authority of City of El Paso v.
Rodriguez-Yepez, 828 S.W.2d 499 (Tex. App.--El Paso) writ denied per curium, 843 S.W.2d 475 (Tex. 1992); Housing Authority
of City of El Paso v. Yepez, 790 S.W.2d 730 (Tex. App.--El Paso 1990, writ dism'd w.o.j.).

2. HACEP was formerly known as El Paso Housing Authority or EPHA. 

3. Appellee conceded in a previous interlocutory appeal that 12 U.S.C. § 1715z-1b(b)(4) was inapplicable.See Carrera v. Yepez,
6 S.W.3d at 666. 

4. We note that this is the same argument HACEP made in its No-Evidence Motion for Summary Judgment which remains
pending in the trial court. 

5. Section 392.006 of the Texas Local Government Code provides: 



For all purposes, including the application of the Texas Tort Claims Act (Chapter 101, Civil Practice and Remedies Code), a
housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not
proprietary functions. Provided, however, a housing authority shall be subject to all landlordobligations and tenant remedies, other
than a suit for personal injuries, as set forth in any lease or rental agreement and in Chapters 24, 54, 91, and 92 of the Property
Code. 



Tex. Loc. Gov't Code Ann. § 392.006 (Vernon 1999)