**Dismiss and Opinion Filed October 7, 2024**



In The
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00143-CV

### BARCH INTERESTS LP, Appellant
### V.
### TITLEMAX OF TEXAS, INC., Appellee

**On Appeal from the County Court at Law No. 3
Collin County, Texas
Trial Court Cause No. 003-00135-2024**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

In this interlocutory appeal, Barch Interests LP challenges the trial court's temporary injunction in favor of TitleMax of Texas, Inc. In two issues, Barch asserts the county court at law lacked subject matter jurisdiction over this landlord-tenant dispute and abused its discretion by issuing a vague temporary injunction. We reverse the trial court's order denying Barch's plea to the jurisdiction, vacate the temporary injunction, and dismiss the case for want of jurisdiction.

## FACTUAL BACKGROUND

Barch, as a landlord, entered into a commercial lease with TitleMax, as a tenant. The Lease states it is for a term of five years and two months, beginning on November 1, 2018, and ending on December 31, 2023. However, TitleMax alleges that delivery and possession of the premises was delayed while Barch remediated asbestos, and Barch agreed to extend the lease term. Accordingly, TitleMax alleges, the parties adjusted the commencement date of the Lease to December 13, 2018, and the expiration date to February 29, 2024.

The Lease provides TitleMax with two options to extend the term of the Lease for an additional sixty months. To exercise either option, TitleMax had to deliver written notice to Barch no earlier than 120 days before and no later than 90 days before the expiration of the original lease term or the extension of the term. TitleMax asserts it provided written notice exercising its option to renew the Lease for an additional sixty-month term on November 7, 2023, which it alleges was within the renewal window after accounting for the delay in TitleMax taking possession. However, also in November 2023, Barch sent a letter to TitleMax stating Barch had not received a written notice to extend the Lease, and the Lease would expire on December 31, 2023. The letter also stated TitleMax was in default of the terms of the Lease and offered TitleMax two options: vacate the premises on or before December 31, 2023, or renegotiate terms for a new lease.

On January 12, 2024, TitleMax filed its original petition and application for a temporary restraining order and permanent injunction in the county court. TitleMax's pleading states it feared that Barch would take possession of the premises and lock out TitleMax in breach of the Lease and its rights of possession on or after January 1, 2024. Addressing the jurisdiction of the county court at law, TitleMax pleaded:

> Actions to recover possession of leased premises, in the nature of forcible detainer, are within the exclusive jurisdiction of the Justice of [the] Peace, *see* Tex. Property Code § 24.004(a), with follow-on appeal to this [County Court at Law]. The dispute between Barch, as Landlord, and TitleMax, as Tenant, with respect to the Expiration Date of the Lease, the renewal of the Lease, and claimed defaults under the Lease, is to be decided as a matter of first instance in the court of the Justice of the Peace.

However, it alleged, because a justice of the peace could not enjoin Barch from performing a lock out, TitleMax asked the county court to issue an injunction requiring Barch to maintain the Lease term during the pendency of a forcible detainer proceeding. In response, Barch filed a plea to the jurisdiction asserting the justice of the peace had exclusive jurisdiction to determine which party had the right to immediate possession. The county court denied the plea to the jurisdiction.

Following a hearing, the trial court issued a temporary injunction enjoining Barch from: (1) interfering with TitleMax's use and possession of the Premises, or (2) taking possession of or expelling TitleMax from the Premises, changing or modifying the locks, or otherwise preventing TitleMax from accessing the Premises.

In its first issue, Barch argues the trial court erred by denying its plea to the jurisdiction because the justice of the peace has exclusive jurisdiction over a non-title-related landlord-tenant dispute about a party's right to immediate possession, and the only issue in this case is which party has the right to immediate possession of the premises. In response, TitleMax argues it lacks an adequate remedy in the justice of the peace court because the justice court has no jurisdiction to enjoin Barch from performing a lock out while it determines the right to immediate possession, and the county court's injunction preserves the justice of the peace court's jurisdiction by preventing an eviction.

## A. Standard of Review

Subject-matter jurisdiction is essential to the court's power to decide a case. *Klumb v. Houston Mun. Employees Pension Sys.*, 458 S.W.3d 1, 8 (Tex. 2015). The existence of subject-matter jurisdiction is a question of law that can be challenged by a plea to the jurisdiction, as it was here. *Id.* We review de novo the trial court's disposition of a plea to the jurisdiction. *Id*.

## B. Jurisdiction of Justice of the Peace

Chapter 24 of the Texas Property Code grants justice courts "jurisdiction in eviction suits," including suits for forcible entry and detainer (FED) and forcible detainer. TEX. PROP. CODE § 24.004(a). Eviction suits are designed to provide "a summary, speedy, and inexpensive remedy for the determination of who is entitled

to possession of the premises." *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024) (quoting *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)); *see also Miller v. Miller*, No. 05-21-00422-CV, 2022 WL 1260183, at *2 (Tex. App.—Dallas Apr. 28, 2022, no pet.) (mem. op.) (pursuant to chapter 24 of the property code, "justice courts have exclusive jurisdiction to hear eviction cases."). Eviction suits are limited in scope and effect, with the "sole focus" being "the right to immediate possession of real property." *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)); *see Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("The only issue in a forcible detainer action is the right to actual possession of the premises.").

Texas Rule of Civil Procedure 510.3, which governs eviction cases, identifies "the right to actual possession" as the "[o]nly [i]ssue" in an eviction case and specifies that claims "not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction." TEX. R. CIV. P. 510.3(e). Section 24.008 of the Property Code states that "[a]n eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits." TEX. PROP. CODE § 24.008. The supreme court has concluded, then, that an eviction suit in justice court is "not exclusive, but cumulative, of any other remedy that a party may have," and matters beyond "the justice court's limited subject matter jurisdiction" may be brought in another "court of competent jurisdiction." *Virtuolotry, LLC*, 689 S.W.3d at 883 (quoting *McGlothlin*, 672 S.W.2d at 233). Under this scheme, an eviction suit in justice court

"may run concurrently with another action in another court" without issue—even if the two proceedings "overlap" and "the other action adjudicates matters that could result in a different determination of possession." *Id.* That is because the justice court's judgment "is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Id*. at 884

### C. *TMC Medical, Ltd. v. Lasaters French Quarter Partnership*

Our sister court considered a jurisdictional issue similar to the one before us in *TMC Medical, Ltd. v. Lasaters French Quarter Partnership*. In that case, the appellant, a commercial lessee, sued the appellee, the lessor, seeking a declaratory judgment that an exchange of letters before the expiration of the lease constituted the formation of a new lease. 880 S.W.2d 789, 790 (Tex. App.—Tyler 1993, writ dism'd w.o.j.). The appellant filed the suit just before the original lease expired and obtained a temporary restraining order precluding the appellee from executing any conflicting lease on the disputed premises or evicting the appellant. *See id.* Thereafter, the trial court held an evidentiary hearing before denying the appellant's request for an injunction. *See id*. On appeal, the appellant argued the trial court erred by refusing to grant its requested relief. *See id*.

The court of appeals stated the justice court alone has jurisdiction to determine the parties' possessory rights and issues pertaining to possession of a leasehold, and the parties' dispute should initially be asserted in the justice court. *Id.* at 792. The

court of appeals concluded the trial court did not err by refusing the temporary injunction requested by the appellant. *Id.* at 791.

On rehearing, the appellant argued it was "illogical that a court having jurisdiction to render a declaratory judgment lacks the authority to issue orders necessary to preserve the status quo pending final judgment." *Id.* at 791-92. The court responded that the complained-of result was "the clear consequence of the holdings" in prior supreme court opinions and "such allocation of jurisdiction is not illogical inasmuch as the state's jurisprudence includes the provision for an expeditious resolution of disputes going to immediate possession." *Id.* at 792. The court reiterated in its opinion on the motion for rehearing that it adhered to its "original opinion regarding the trial court's lack of jurisdiction to enter the requested [injunction]." *Id.* at 792.

### D. Analysis

We consider *TMC Medical* persuasive. Through its request for a temporary injunction, TitleMax asked the county court at law to determine which party had the right to immediate possession of the property at issue. The right to immediate possession of a property is determined through an eviction suit. *Virtuolotry, LLC*, 689 S.W.3d at 883. And the justice court has exclusive jurisdiction to hear eviction cases where, as here, the issue of immediate possession of the property is not intertwined with title issues. *See Miller*, 2022 WL 1260183, at *2. TitleMax's effort to enjoin Barch from interfering with its claimed right to immediate possession of

–7–

the property is the same as the appellant's request for a temporary injunction in *TMC Medical*. We, like the court in *TMC Medical*, find TitleMax's effort unavailing. We conclude the county court at law erred by denying Barch's plea to the jurisdiction because the justice court has exclusive jurisdiction over this non-title-related landlord-tenant dispute about which party has the right to immediate possession. We sustain Barch's first issue.

## TEMPORARY INJUNCTION

In its second issue, Barch argues the trial court abused its discretion by issuing the temporary injunction. In light of our resolution of Barch's first issue, we need not consider Barch's second issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court erred by denying Barch's plea to the jurisdiction. We vacate the trial court's February 7, 2024 Temporary Injunction, and we dismiss TitleMax's action for want of subject matter jurisdiction.

240143f.p05

/Erin A. Nowell//
_____
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BARCH INTERESTS LP, Appellant

No. 05-24-00143-CV  V.

TITLEMAX OF TEXAS, INC., Appellee

On Appeal from the County Court at Law No. 3, Collin County, Texas Trial Court Cause No. 003-00135-2024.

Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's February 7, 2024 Temporary Injunction, and we **DISMISS** TitleMax of Texas, Inc.'s action for want of subject matter jurisdiction.

It is **ORDERED** that appellant Barch Interests LP recover its costs of this appeal from appellee TitleMax of Texas, Inc.

Judgment entered this 7th day of October, 2024.