## GRADY et al. v. FRYAR.

### No. 12457.

Court of Civil Appeals of Texas. Dallas.

April 3, 1937.

G. Ray Lee and Thomas B. Ridgell, both of Dallas, for appellants.

Read, Lowrance & Bates, of Dallas, for appellee.

LOONEY, Justice.

This appeal is from an order refusing to dissolve an interlocutory injunction. Appellee, J. J. Fryar, sought and obtained the issuance of an interlocutory writ, restraining M. L. Grady and wife, appellants, and Louis Brown, constable, from dispossessing appellee of certain premises situated in Dallas county under writ of restitution issued on a judgment rendered in a justice court of precinct No. 1 Dallas county, in favor of appellants against J. J. Smith, in a forcible entry and detainer action. Appellee's sworn petition alleged, in substance, that appellants leased to J. J. Smith the premises involved for a period of three years from July 8, 1936, at a rental of $45 per month, also sold to Smith certain furnishings and fixtures then on the premises for $400, payable $25 per month; that on November 9, 1936, appellee became assignee of the lease contract, purchasing same from Smith, also the furniture and fixtures; that this fact was well known and consented to by appellants, and that, in accordance with arrangements made with them appellee made certain necessary improvements on the premises, costing $119.50, which was to be credited on the amount due for furniture and fixtures; that appellants took charge of and rented to another party a portion of the lease premises and collected therefor the sum of $20 per month, which should be credited to appellee upon the amount due as rent; that appellee paid appellants all rents due to January 8, 1937, but notwithstanding this fact, on January 4, 1937, in fraud of the rights of appellee and without his knowledge, appellants filed a forcible entry and detainer suit against J. J. Smith, the original lessee, in said justice court, to which appellee was not made a party, and in regard to the pendency of which he had no knowledge prior to January 13, 1937, the date of the rendition of default judgment in favor of appellants against Smith for restitution of the premises.

Appellee's allegations are to the effect that, at the time the forcible entry and detainer suit was instituted, he owed nothing past due, either as rent or as purchase money on the furniture and fixtures; that its institution was with the fraudulent purpose and intent on the part of appellants to deprive appellee of possession of the premises and the benefits arising therefrom, also the amount expended for improvements. Appellee offered to do equity, by tendering and offering to pay all rents due. In effect, the suit is for specific performance of the lease contract and adjustment of the equities.

We think the effect of the interlocutory injunction is simply to preserve the status quo until the case can be tried on its merits. In the meantime, appellants are amply protected by the bond for $500 which appellee was required to give. We express no opinion in regard to the merits, simply holding that, the court below did not abuse its discretion in refusing to dissolve the interlocutory injunction [City of Farmersville v. Texas-Louisiana Power Co. (Tex. Civ.App.) 33 S.W.(2d) 271, 272], therefore affirm the judgment.

Affirmed.