Charles M. McGLOTHLIN, et al., Appellant,

v.

Leroy KLIEBERT d/b/a Southampton Home Improvement Center, Appellee.

No. B14–83–212CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 6, 1983.

Rehearing Denied Nov. 10, 1983.

Robert E. Singer, Dunn, Stern, Lipstet, Singer & Hirsch, Bernard Wm. Fischman, Lackshin & Nathan, Houston, for appellant.

John A. Coselli, Jr., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

### ORIGINAL ACTION
### CONTEMPT

PAUL PRESSLER, Justice.

This is an original contempt action.

On January 24, 1983, Relator, as lessee, sued Respondents, as lessors, seeking, in addition to other relief, an injunction prohibiting lessor from evicting him from the leased premises. After hearing, the District Court temporarily enjoined lessors from "... evicting or in any manner dispossessing the Plaintiff, Leroy Kliebert d/b/a Southampton Home Improvement Center, in part or in-whole from the Lease Property." Lessors promptly appealed. Before the appeal was heard, Lessee filed a Motion Complaining Of Contempt alleging that Respondents violated the Temporary Injunction because they have "established a surveillance of and have taken photographs of the appellee, his business and his customers" and have "erected three signs in the parking area which is part of the Lease Premises and which signs prohibit Leroy Kliebert d/b/a Southampton Home Improvement Center, and his customers from using the three most westerly parking spaces of the Leased Premises...." While retaining jurisdiction of the contempt matter, we directed the District Court to take and hear evidence.

It is undisputed that this court may exercise contempt powers when the contempt proceeding is instituted after the jurisdiction of this court has attached. *Ex Parte Werblud,* 536 S.W.2d 542 (Tex.1976).

An injunction, must be definite, clear and as precise as possible, and when practicable, it should inform the defendant of the acts from which he is restrained without calling on him to make inferences or conclusions about which reasonable persons might well differ. *Ex Parte Slavin,* 412 S.W.2d 43 (Tex.1967). *Ex Parte Hodges,* 625 S.W.2d 304 (Tex.1981). Because one of the main issues in the case pending in the District Court concerns whether and to what extent the parking places are included in the leased premises, the area covered by the Temporary Injunction is not so definite and certain as to allow the actions with regards to the parking places to be enforceable by contempt. The allegations of "surveillance" and taking photographs are not acts sufficient to evict or dispossess the lessee.

We find that the Temporary Injunction was not violated. The relief sought is denied.