**Charles M. McGLOTHLIN, et al., Petitioners,**

v.

**Leroy KLIEBERT d/b/a Southampton Home Improvement Center, Respondent.**

No. C–2630.

Supreme Court of Texas.

June 27, 1984.

Rehearing Denied July 18, 1984.

**232**

Lackshin & Nathan, Bernard William Fischman, Houston, for petitioners.

Carl, Lee & Fisher, John A. Coselli, Jr., Michael Craig, Houston, for respondent.

McGEE, Justice.

This is an appeal from a district court order temporarily enjoining McGlothlin from evicting or dispossessing Kliebert of the leased premises. The court of appeals affirmed the district court's judgment. 663 S.W.2d 2. The question is whether the district court abused its discretion in granting the temporary injunction. We hold that it did. We reverse the judgments of the court of appeals and district court and remand the cause to the district court with instructions to dismiss all portions of Kliebert's lawsuit except his suit for damages. This court has jurisdiction under Tex.Rev. Civ.Stat.Ann. art. 1728, subdivision 2.

Kliebert began leasing commercial retail space from McGlothlin on April 1, 1978. On August 16, 1982, McGlothlin filed a forcible entry and detainer suit in the justice court against Kliebert. Before the justice court suit was tried, Kliebert filed suit on January 24, 1983 in district court seeking a temporary restraining order, temporary injunction, permanent injunction and damages against McGlothlin. After a hearing, the district court granted the temporary injunction on February 28, 1983.

The court of appeals affirmed the district court's judgment and found that the district court did not abuse its discretion when the district court found that Kliebert had no adequate remedy at law and that the injunction should be issued. The court of appeals found that McGlothlin's possession suit was not the sole issue in this case because Kliebert also filed suit for damages, declaratory relief and the temporary injunction. Therefore, the court of appeals held that the district court had jurisdiction to consider Kliebert's application for temporary injunction and the additional relief sought.

■ For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law. There is no showing that the justice court would be without jurisdiction in this case. This suit is merely a landlord-tenant dispute over possession of the leased premises. Kliebert concedes that title to the premises is not an issue. Therefore, the only way Kliebert could entitle himself to relief in the district court is to show facts that existed which prevented Kliebert from making his defense at law in the justice court. *Smith v. Ryan,* 20 Tex. 661, 665 (1858).

■ A temporary injunction will not be granted where there is a plain and adequate remedy at law. *Story v. Story,* 142 Tex. 212, 176 S.W.2d 925 (1944). The court of appeals and district court erred when they held that Kliebert had no adequate remedy at law. The Legislature has provided Kliebert with an adequate remedy at law. *Bexar County v. Stewart,* 41 S.W.2d 85 (Tex.Civ.App.—San Antonio 1931, writ ref'd) is on point. *See* Tex.Rev.Civ.Stat. Ann. arts. 3973–3975b, 3992–3994 (Vernon 1966), *repealed* by 68th Leg., ch. 576, § 6, 1983 Tex.Gen.Laws 3729 (effective January 1, 1984). The forcible entry and detainer proceeding is a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816 (1936). Kliebert's adequate remedy at law is to defend himself in the justice court suit. The justice court can construe the lease and hear Kliebert's arguments to determine who had the right of possession. *Gibson v. Moore,* 22 Tex. 611 (1858).

Therefore, the district court erred in granting the temporary injunction because Kliebert had an adequate remedy at law and, therefore, failed to allege a sufficient foundation for the awarding of a temporary injunction. *Chadoin v. Magee*, 20 Tex. 476 (1857); *Smith v. Ryan*, 20 Tex. 661 (1858); *Holcombe v. Lorino*, 124 Tex. 464 [446], 79 S.W.2d 307 (1935); *Bexar County v. Stewart*, 41 S.W.2d 85 (Tex.Civ.App.—San Antonio 1931, writ ref'd); *Haith v. Drake*, 596 S.W.2d 194 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Three cases, *O'Hara v. Dallas Scene, Inc.*, 470 S.W.2d 63 (Tex.Civ.App.—Waco 1971, no writ), *Grady v. Fryar*, 103 S.W.2d 1080 (Tex.Civ.App.—Dallas 1937, no writ), and *Simpson v. McGuirk*, 194 S.W. 979 (Tex.Civ.App.—Dallas 1917, no writ), hold contrary to our holding in the present case. We expressly disapprove of the *O'Hara, Grady,* and *Simpson* cases.

The forcible entry and detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816 (1936). If all matters between the parties cannot be adjudicated in the justice court in which the forcible entry and detainer proceedings are pending due to the justice court's limited subject matter jurisdiction, then either party may maintain an action in a court of competent jurisdiction for proper relief. *Holcombe v. Lorino*, 124 Tex. 464 [446], 79 S.W.2d 307, 309 (1935). Hence, Kliebert may continue in the district court with his damages suit against McGlothlin.

We reverse the judgments of the court of appeals and district court, vacate the temporary injunction, and remand the cause to the district court with instructions to dismiss all portions of Kliebert's lawsuit except his suit for damages.