Opinion issued April 28, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00768-CV

———————————

Albert Morris, Appellant

V.

American
Home Mortgage Servicing, Inc., Appellee



 



 

On Appeal from the County Court at Law No. 4

Fort Bend County, Texas



Trial Court Case No. 09-CCV-039965



 

O P I N I O N

Appellee American Home Mortgage Servicing,
Incorporated brought a forcible detainer action in justice court against
appellant Albert Morris, seeking possession of real property.  The justice court issued a judgment in favor of
AHMS.  On de novo review the county court
at law signed a judgment awarding possession of the property to AHMS.  In two issues on appeal, Morris challenges
the judgment, arguing that the justice court and county court lacked subject
matter jurisdiction and that he was deprived of his right to a fair
hearing.  We affirm.

Background

          Albert and Tilda Morris bought a home in Sugar Land, Texas.  They signed a deed of trust, securing the
note on the property, which named Option One Mortgage Corporation as the lender
and James L. Robertson as the trustee.  Section 22
of the deed provides that the lender and trustee shall have, in the event of
default, the power to sell the property through “the most expeditious means of
foreclosure available by law.”  It
further states that:

If the Property is sold pursuant
to [the Lender and Trustee’s power under Section 22], Borrower or any person
holding possession of the Property through Borrower shall immediately surrender
possession of the Property to the purchaser at the sale.  If possession is not surrendered, Borrower or
such person shall be a tenant at sufferance and may be removed by writ of
possession or other court proceeding.

 

The note and lien were transferred and assigned to Wells Fargo
Bank, N.A.  After Morris defaulted, Wells
Fargo, through its servicing agent, AMHS, foreclosed on the property and was
the winning bidder at the foreclosure sale. 
The property was conveyed to Wells Fargo through a substitute trustee’s
deed, which identified AMHS as Wells Fargo’s servicing agent.  Thereafter, AMHS filed a forcible detainer
action in the justice court to obtain possession of the property.  The justice court awarded possession to
AMHS.  Morris appealed to the county
court, arguing that the justice court lacked subject matter jurisdiction over
the suit because of a pending suit to try title in federal court.  He argued before the county court, as he does
on appeal, that the right to immediate possession in this case necessarily
requires the resolution of the title dispute.

          The county court
proceeded to trial and entered judgment in favor of AMHS, awarding possession
of the property and ordering Morris to vacate. 
Morris appeals the county court’s judgment to this court.  In two issues, he argues that the justice
court and county court lacked jurisdiction and that he was deprived of his
right to a fair hearing.

Analysis

I.                 
Jurisdiction

 

In his first issue on appeal, Morris argues
that both the justice court and the county court lacked jurisdiction to decide AHMS’s right to possession because the
determination of possession in this case requires resolution of a title
dispute.  Subject matter jurisdiction may
be challenged at any time.  See Tex. Ass’n of Bus. v.
Tex. Air Control Bd., 852 S.W.2d 440, 445 (Tex. 1993).  The
question of subject matter jurisdiction is a legal question that we review de
novo.  Tex. Dep’t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004).  We must examine the pleadings, taking as true
the facts pleaded, and determine whether those facts support jurisdiction in
the trial court.  See Tex. Ass’n of Bus., 852
S.W.2d at 446.  We construe the
pleadings in favor of the pleader.  See id.

The only issue in a forcible detainer action
is the right to immediate possession of real property.  Tex. R. Civ. P. 746; Villalon v. Bank One, 176 S.W.3d 66, 70 (Tex.
App.—Houston [1st Dist.] 2004, no pet.).  To prevail, the plaintiff is not required to prove
title, but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.  See,
e.g., Aspenwood Apartment Corp. v.
Coinmach, Inc., No. 01-08-00636-CV, 2011 WL 478546, at *10 (Tex. App.—Houston
[1st Dist.] Feb. 10, 2011, no pet. h.).  The
existence of a landlord-tenant relationship provides a basis for the court to
determine the right to immediate possession without resolving the question of
title.  See Villalon, 176 S.W.3d at 71.  When, however, the right
to possession depends upon the resolution of a question of title, neither the
justice court nor the county court has jurisdiction.  Mitchell
v. Armstrong Capital Corp., 911 S.W.2d 169, 171 (Tex. App.—Houston [1st
Dist.] 1995, writ denied).  

An action for forcible detainer is cumulative
of all other remedies a party may have in the courts of this State, including a
suit to try title.  McGlothlin v. Kliebert, 672 S.W.2d 231, 233 (Tex. 1984) (citing Scott v. Hewitt, 90 S.W.2d 816, 818–19 (Tex. 1936)); Hong Kong Dev., Inc. v. Nguyen, 229
S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.).  A forcible detainer action in justice court
may be prosecuted concurrently with a title dispute in district court.  Hong
Kong Dev., 229 S.W.3d at 437. 
Therefore, a suit to try title filed in another
court does not necessarily deprive the court in which a forcible detainer
action was brought of jurisdiction.  See
id.; Villalon, 176 S.W.3d
at 70–71.

In this case, Morris claims that the county
court was deprived of jurisdiction because the issue of possession could not be
decided without resolution of a title dispute. 
He argues that AHMS did not hold title to the property, that it did not have
standing to initiate the forcible detainer action, and that there was not a
landlord-tenant relationship between him and AHMS.  AHMS denies the existence of a title dispute
that would strip the justice court and county court of jurisdiction in this
case.  AHMS contends that it was entitled
to bring the suit as the authorized servicing agent for Wells Fargo and that it
proved all the required elements of a forcible detainer action.

Because the plaintiff in a forcible detainer action is only required to
demonstrate a superior right to immediate possession, the county court can determine
possession without quieting title if the deed establishes a landlord-tenant
relationship between the borrower and the purchaser of the property at the
foreclosure sale.  See Villalon, 176 S.W.3d at 71; Rice v. Pinney, 51 S.W.3d 705, 712–13 (Tex. App.—Dallas
2001, no pet.).  At the hearing, AHMS
introduced the substitute trustee’s deed, showing that Wells Fargo was the
successor in interest to Option One Mortgage Corporation, and that it, through
its servicing agent, AHMS had purchased the property at the foreclosure
sale.  Evidence presented in the county
court also established that the original deed of trust contained language
establishing a landlord-tenant relationship between the borrower and the
purchaser.  AHMS also introduced the
notice to vacate, which named it as the successor in interest, as a servicing
agent, to Option One Mortgage Corporation. 
Because the evidence in the county court
showed that AHMS was the service agent for Wells Fargo, and there was a
landlord tenant-relationship between Morris and Wells Fargo, the county court
could determine possession without quieting title.  Accordingly, we hold that the justice and
county courts were not deprived of subject-matter jurisdiction, and we overrule
Morris’s first issue.

II.              
Right to a
fair hearing

 

In his second issue, Morris
contends that he was deprived of his right to a fair hearing in violation of
the Fourteenth Amendment to the United States Constitution.  In his “statement of the case” Morris
contends that he was deprived of his property without due process of law and
that he was not allowed to offer any testimony or evidence in his own defense.

Recognizing this court’s obligation
to construe the rules of appellate procedure “reasonably, yet liberally,”
Morris’s argument is entirely unsupported by appropriate citation to
authorities and to the record.  Republic Underwriters, Ins. Co. v. Mex-Tex,
Inc., 150 S.W.3d 423, 427 (Tex. 2004) (quoting Verburgt v. Dorner, 959 S.W.2d 615, 616 (Tex. 1997)); see Tex.
R. App. P. 38.1(i) (requiring clear and concise argument for contentions
made with appropriate citation to record). 
We note that pro se litigants are held to the same
standards as attorneys and must comply with all applicable and mandatory rules
of pleading and procedure.  De Mino v. Sheridan, 176 S.W.3d 359, 369
n.17 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  To apply a different set of rules to pro se
litigants would be to give them an unfair advantage over litigants represented
by counsel.  Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184–85 (Tex. 1978).  We hold that Morris has
inadequately briefed this issue and, thus, waived it.  See Tex. R. App. P. 38.1(i).

Even if this issue were adequately
briefed, we observe that the reporter’s record demonstrates that Morris
received notice and that a hearing was held. 
Due process requires, at minimum, that before being deprived of a
constitutionally protected interest, a person must be afforded reasonable
notice and a hearing.  See Univ. Tex. Med. Sch. v. Than, 901
S.W.2d 926, 930 (Tex. 1995) (citing Mathews
v. Eldridge, 424 U.S. 313, 333, 96 S. Ct. 893, 902 (1976)).  The court questioned Morris about a pending
bankruptcy proceeding and provided him with an opportunity to state his
case.  Morris raised an argument that the
foreclosure sale was illegal, but he did not offer evidence or call witnesses
to contest AHMS’s right to possession. 
Because allegations regarding the propriety of a foreclosure cannot be
considered in a forcible detainer action, the county court properly refused to
consider Morris’s arguments.  Murphy v. Countrywide Home Loans, Inc.,
199 S.W.3d 441, 446 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  The record demonstrates that Morris was
provided with notice and a hearing where he had an adequate opportunity to
controvert AHMS’s evidence of its right to possession, and he failed to do so.  Accordingly, we hold that the court did not
err.  Morris’s second issue is overruled.

Conclusion

 

          We affirm the judgment of the trial
court. 

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Keyes, Sharp, and Massengale.