TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00668-CV






John Weber, Appellant


v.


Kofi James d/b/a Far Out Home Fittings, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY

NO. C-1-CV-10-004298, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 After a default judgment in an eviction suit was entered against appellant John Weber
in justice court, he sought to appeal the judgment to county court and filed an affidavit of inability
to pay costs or post bond on appeal with the justice court. See Tex. R. Civ. P. 749a. Appellee Kofi
James d/b/a Far Out Home Fittings contested the pauper's affidavit, and the justice court held a
hearing on the contest. After the hearing, the justice court sustained the contest, disapproved the
pauper's affidavit, and set bond at $2,000. Weber then sought to bring the affidavit contest before
the county court. See id. The county court did not set the contest for hearing, and Weber did not set
a hearing until several months later. Following the hearing, the county court dismissed the case for
want of jurisdiction.

 Weber's sole appellate issue challenges the county court's determination that it did
not have jurisdiction to hear the contest of his pauper's affidavit. For the reasons that follow, we
affirm the county court's judgment.


BACKGROUND


 The justice court signed the default judgment against Weber on April 22, 2010,
ordering Far Out Home Fittings to recover possession of the premises and $4,018.33 of unpaid rent
from Weber. Weber sought to appeal the default judgment to county court and filed a pauper's
affidavit on April 26, 2010. See id. After Far Out Home Fittings contested the affidavit, the justice
court held a hearing. The justice court sustained the contest, disapproved Weber's affidavit, and set
bond at $2,000. Weber then filed a written statement with the justice court that stated that he was
contesting the justice court's ruling on his affidavit, that he was "unable to pay the bond set in the
time allowed," and that he "would like the case set in County Court." The justice court thereafter
transferred the case to county court, notifying the parties by letter that Weber's appeal "was approved
on April 29, 2010."

 The county court did not set the affidavit contest for hearing, and Weber did not set
a hearing until August 2010. Following the August 2010 hearing, the county court dismissed the
case for lack of jurisdiction. In its order, the county court stated that it appeared to the court that "the
appeal [had] not been perfected." Citing rule 749a of the rules of civil procedure, the county court
concluded:


 Rule 749a places the burden on [Weber] to get his appeal of the Justice's decision on
the affidavit of inability heard by the County Judge within 5 days of bringing the
matter to the County Court for review. Appellant's failure to seek prompt review is
a waiver of his right to appeal the Justice's disapproval of his affidavit of inability
to pay the costs of appeal. The affidavit was therefore overruled by [Weber]'s
inaction. Thereafter, [Weber] never posted the required appeal bond to appeal the
merits of the case to this court. He now attempts to have his appeal on a case over
which this court never acquired jurisdiction.



Weber filed a motion for new trial, challenging the county court's finding of no jurisdiction. The
county court overruled Weber's motion for new trial. This appeal followed. (1)


ANALYSIS


 "The forcible entry and detainer proceeding is a summary, speedy, and inexpensive
remedy for the determination of who is entitled to possession of the premises." McGlothlin
v. Kliebert, 672 S.W.2d 231, 232 (Tex. 1984). It is a "'special proceeding and as such is
governed by the special statutes and rules applicable thereto.'" See Hong Kong Dev., Inc. v. Nguyen,
229 S.W.3d 415, 434 (Tex. App.--Houston [1st Dist.] 2007, no pet.) (noting that rules of civil
procedure "ensure the speedy, summary, and inexpensive nature of forcible-detainer suits"); see also
Tex. R. Civ. P. 739, 740, 745, 746, 748, 749 (requiring expedited or streamlined procedures in
forcible-entry and forcible-detainer actions).

 Consistent with this design, rules 749 and 749a require a party seeking to appeal a
justice court's judgment to file an appeal bond or a pauper's affidavit within five days of the
judgment. See Tex. R. Civ. P. 749, 749a. If a pauper's affidavit is filed and not contested, it is
presumed "prima facie that the affidavit speaks the truth." Id. R. 749a. If a pauper's affidavit is filed
and timely contested, the justice court must hold a hearing and rule on the matter within five days.
Id. If the justice court disapproves the pauper's affidavit, rule 749a provides that the appellant may
have the contest brought before the county judge for a final decision:


 If the justice of the peace disapproves the pauper's affidavit, appellant may, within
five days thereafter bring the matter before the county judge for a final decision, and,
on request, the justice shall certify to the county judge appellant's affidavit, the
contest thereof, and all documents, and papers thereto. The county judge shall set a
day for hearing, not later than five days, and shall hear the contest de novo. If the
pauper's affidavit is approved by the county judge, he shall direct the justice to
transmit to the clerk of the county court, the transcript, records and papers of the case.



Id.


 Rule 749a also expressly sets forth when a pauper's affidavit is considered approved
for purposes of perfecting the appeal to county court and what is required to perfect an appeal in the
event that the justice court and the county court disapprove the pauper's affidavit. It states:


 A pauper's affidavit will be considered approved upon one of the following
occurrences: (1) the pauper's affidavit is not contested by the other party; (2) the
pauper's affidavit is contested by the other party and upon a hearing the justice
determines that the pauper's affidavit is approved; or (3) upon a hearing by the justice
disapproving of the pauper's affidavit the appellant appeals to the county judge who
then, after a hearing, approves the pauper's affidavit.

 

 No writ of possession may issue pending the hearing by the county judge of the
appellant's right to appeal on a pauper's affidavit. If the county judge disapproves
the pauper's affidavit, appellant may perfect his appeal by filing an appeal bond in
the amount as required by Rule 749 within five days thereafter. If no appeal bond is
filed within five days, a writ of possession may issue.


Id. If both courts disapprove the affidavit, the appellant has five days to file an appeal bond as
required by rule 749 in order to perfect his appeal to county court. Id.

 Rule 749c further expressly provides that an appeal is not perfected until either an
appeal bond has been timely filed in conformity with rule 749 or a pauper's affidavit has been
approved in conformity with rule 749a. Rule 749c states:


 When an appeal bond has been timely filed in conformity with Rule 749 or a
pauper's affidavit approved in conformity with Rule 749a, the appeal shall be
perfected.



Id. 749c. With this background, we turn to Weber's issue.

 In his sole issue, Weber contends that the county court erred by dismissing this case
for want of jurisdiction and that it is required to hold a hearing on the affidavit contest. He urges
that, although the county court was required to hold a de novo hearing on the contest within five
days, the failure to do so did not deprive the county court of jurisdiction.

 Weber's issue addresses the county court's subject matter jurisdiction, which is a
question of law that we review de novo. Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007);
Watkins v. Debusk, 286 S.W.3d 58, 60 (Tex. App.--El Paso 2009, no pet.) ("Whether [appellant]
timely filed his appeal bond and thereby conferred jurisdiction on the County Court at Law presents
a legal question, which we review de novo."); Williams v. Schneiber, 148 S.W.3d 581, 583 (Tex.
App.--Fort Worth 2004, no pet.) (same).

 His issue also addresses the interpretation of the rules of civil procedure. We interpret
the rules of civil procedure by the same rules that govern the construction of statutes. In re Christus
Spohn Hosp. Kleberg, 222 S.W.3d 434, 437 (Tex. 2007). Statutory construction is a question of law
that we review de novo. Texas Mun. Power Agency v. Public Util. Comm'n, 253 S.W.3d 184, 192
(Tex. 2007). Of primary concern is the express language of the rule or statute. See Galbraith Eng'g
Consultants, Inc. v. Pochucha, 290 S.W.3d 863, 867 (Tex. 2009); In re Christus Spohn Hosp.
Kleberg, 222 S.W.3d at 437. "When a rule of procedure is clear and unambiguous, we construe the
rule's language according to its plain or literal meaning." In re Christus Spohn Hosp. Kleberg,
222 S.W.3d at 437 (citing Texas Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002)).

 In its order, the county court placed the burden on Weber to bring the affidavit contest
before the county court for review within five days of the justice court's disapproval of the affidavit. 
Although rule 749a states that the county judge shall set a hearing within five days, it also expressly
requires an appellant wishing to challenge a justice court's decision to disapprove a pauper's
affidavit to "bring the matter before the county judge for a final decision" within five days of the
justice court's disapproval of the affidavit. Here Weber did not request that a hearing be set in
county court for approximately two months, well past the five day deadline for "bring[ing] the matter
before the county judge for a final decision" as set forth in the rule. Tex. R. Civ. P. 749a.

 Weber cites to statutory provisions requiring expedited court hearings or other actions
in which statutory deadlines for court actions were found to be mandatory, but not jurisdictional. 
See, e.g., In re L.R., 324 S.W.3d 885, 888-89 (Tex. App.--Austin 2010, orig. proceeding)
(concluding that trial court did not abuse discretion by setting hearing outside statutory 30-day
window); Harrell v. Harrell, 986 S.W.2d 629, 631 (Tex. App.--El Paso 1998, no pet.) ("While
Appellant certainly had the ability to pursue mandamus relief with regard to the trial court's failure
to set the matter within [the statutory deadline of] thirty days, she also was entitled to acquiesce in
a later trial setting."); Honts v. Shaw, 975 S.W.2d 816, 820 (Tex. App.--Austin 1998, no pet.)
(holding that failure to comply with section of Texas Election Code which provides that judge shall
set election contest for trial "for a date not later than the fifth day" after due date for contestee's
answer did not deprive trial court of subject matter jurisdiction). In those cases, however, the
challenge was to the court's failure to act within a statutory deadline, and the statute at issue was
silent on the consequences of the court's failure to comply with the deadline.

 In contrast, the issue here is whether Weber timely complied with the requirements
in rule 749a applicable to an appellant wishing to bring a justice court's disapproval of a pauper's
affidavit before a county judge for final decision. See Tex. R. Civ. P. 749a. Further, rule 749c
expressly provides that an appeal is not perfected in a forcible-detainer action until either an appeal
bond has been timely filed in conformity with rule 749 or a pauper's affidavit has been approved in
conformity with rule 749a. See Tex. R. Civ. P. 749, 749a, 749c; see also Slay v. Nationstar
Mortgage, L.L.C., No. 02-11-00313-CV, 2012 Tex. App. LEXIS 1660, at *6 (Tex. App.--Fort
Worth Mar. 1, 2012, no pet.) (mem. op.) (holding that county court did not obtain jurisdiction over
appeal from justice court in forcible-detainer action because bond defective). We are also mindful
that forcible-detainer actions are expedited and governed by special rules and statutes. See Kliebert,
672 S.W.2d at 232; Nguyen, 229 S.W.3d at 434. We therefore do not find the analysis of cases
addressing other statutory provisions in other contexts helpful here.

 The record shows that Weber did not request a hearing before the county court or take
other action until approximately three months after he filed his written statement with the justice
court. See Tex. R. Civ. P. 749a. The plain language of rule 749a requires more. See Tex. R. Civ.
P. 749a; In re Christus Spohn Hosp. Kleberg, 222 S.W.3d at 437. Further, under the plain language
of rule 749c, Weber's appeal was not perfected: Weber did not file an appeal bond and his pauper's
affidavit was not approved. See id. R. 749, 749a, 749c. Accordingly, we hold that the county court
did not err by concluding that it did not have jurisdiction to hold a hearing on the contest of Weber's
pauper's affidavit.


CONCLUSION


 For these reasons, we overrule Weber's issue and affirm the county court's judgment.


 __________________________________________

 Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: August 2, 2012
1. Appellee Far Out Home Fittings has not filed a brief.