# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00668-CV

**John Weber, Appellant**

**v.**

**Kofi James d/b/a Far Out Home Fittings, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
## NO. C-1-CV-10-004298, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a default judgment in an eviction suit was entered against appellant John Weber in justice court, he sought to appeal the judgment to county court and filed an affidavit of inability to pay costs or post bond on appeal with the justice court. *See* Tex. R. Civ. P. 749a. Appellee Kofi James d/b/a Far Out Home Fittings contested the pauper's affidavit, and the justice court held a hearing on the contest. After the hearing, the justice court sustained the contest, disapproved the pauper's affidavit, and set bond at $2,000. Weber then sought to bring the affidavit contest before the county court. *See id*. The county court did not set the contest for hearing, and Weber did not set a hearing until several months later. Following the hearing, the county court dismissed the case for want of jurisdiction.

Weber's sole appellate issue challenges the county court's determination that it did not have jurisdiction to hear the contest of his pauper's affidavit. For the reasons that follow, we affirm the county court's judgment.

## BACKGROUND

The justice court signed the default judgment against Weber on April 22, 2010, ordering Far Out Home Fittings to recover possession of the premises and $4,018.33 of unpaid rent from Weber. Weber sought to appeal the default judgment to county court and filed a pauper's affidavit on April 26, 2010. *See id.* After Far Out Home Fittings contested the affidavit, the justice court held a hearing. The justice court sustained the contest, disapproved Weber's affidavit, and set bond at $2,000. Weber then filed a written statement with the justice court that stated that he was contesting the justice court's ruling on his affidavit, that he was "unable to pay the bond set in the time allowed," and that he "would like the case set in County Court." The justice court thereafter transferred the case to county court, notifying the parties by letter that Weber's appeal "was approved on April 29, 2010."

The county court did not set the affidavit contest for hearing, and Weber did not set a hearing until August 2010. Following the August 2010 hearing, the county court dismissed the case for lack of jurisdiction. In its order, the county court stated that it appeared to the court that "the appeal [had] not been perfected." Citing rule 749a of the rules of civil procedure, the county court concluded:

> Rule 749a places the burden on [Weber] to get his appeal of the Justice's decision on
> the affidavit of inability heard by the County Judge within 5 days of bringing the

2

matter to the County Court for review. Appellant's failure to seek prompt review is a waiver of his right to appeal the Justice's disapproval of his affidavit of inability to pay the costs of appeal. The affidavit was therefore overruled by [Weber]'s inaction. Thereafter, [Weber] never posted the required appeal bond to appeal the merits of the case to this court. He now attempts to have his appeal on a case over which this court never acquired jurisdiction.

Weber filed a motion for new trial, challenging the county court's finding of no jurisdiction. The county court overruled Weber's motion for new trial. This appeal followed.[1]

## ANALYSIS

"The forcible entry and detainer proceeding is a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises." *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). It is a "'special proceeding and as such is governed by the special statutes and rules applicable thereto.'" *See Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (noting that rules of civil procedure "ensure the speedy, summary, and inexpensive nature of forcible-detainer suits"); *see also* Tex. R. Civ. P. 739, 740, 745, 746, 748, 749 (requiring expedited or streamlined procedures in forcible-entry and forcible-detainer actions).

Consistent with this design, rules 749 and 749a require a party seeking to appeal a justice court's judgment to file an appeal bond or a pauper's affidavit within five days of the judgment. *See* Tex. R. Civ. P. 749, 749a. If a pauper's affidavit is filed and not contested, it is presumed "prima facie that the affidavit speaks the truth." *Id*. R. 749a. If a pauper's affidavit is filed

---

[1] Appellee Far Out Home Fittings has not filed a brief.

3

and timely contested, the justice court must hold a hearing and rule on the matter within five days. *Id*. If the justice court disapproves the pauper's affidavit, rule 749a provides that the appellant may have the contest brought before the county judge for a final decision:

> If the justice of the peace disapproves the pauper's affidavit, appellant may, within five days thereafter bring the matter before the county judge for a final decision, and, on request, the justice shall certify to the county judge appellant's affidavit, the contest thereof, and all documents, and papers thereto. The county judge shall set a day for hearing, not later than five days, and shall hear the contest de novo. If the pauper's affidavit is approved by the county judge, he shall direct the justice to transmit to the clerk of the county court, the transcript, records and papers of the case.

*Id*.

Rule 749a also expressly sets forth when a pauper's affidavit is considered approved for purposes of perfecting the appeal to county court and what is required to perfect an appeal in the event that the justice court and the county court disapprove the pauper's affidavit. It states:

> A pauper's affidavit will be considered approved upon one of the following occurrences: (1) the pauper's affidavit is not contested by the other party; (2) the pauper's affidavit is contested by the other party and upon a hearing the justice determines that the pauper's affidavit is approved; or (3) upon a hearing by the justice disapproving of the pauper's affidavit the appellant appeals to the county judge who then, after a hearing, approves the pauper's affidavit.
>
> No writ of possession may issue pending the hearing by the county judge of the appellant's right to appeal on a pauper's affidavit. If the county judge disapproves the pauper's affidavit, appellant may perfect his appeal by filing an appeal bond in the amount as required by Rule 749 within five days thereafter. If no appeal bond is filed within five days, a writ of possession may issue.

*Id*. If both courts disapprove the affidavit, the appellant has five days to file an appeal bond as required by rule 749 in order to perfect his appeal to county court. *Id*.

4

Rule 749c further expressly provides that an appeal is not perfected until either an appeal bond has been timely filed in conformity with rule 749 or a pauper's affidavit has been approved in conformity with rule 749a. Rule 749c states:

> When an appeal bond has been timely filed in conformity with Rule 749 or a pauper's affidavit approved in conformity with Rule 749a, the appeal shall be perfected.

*Id*. 749c. With this background, we turn to Weber's issue.

In his sole issue, Weber contends that the county court erred by dismissing this case for want of jurisdiction and that it is required to hold a hearing on the affidavit contest. He urges that, although the county court was required to hold a de novo hearing on the contest within five days, the failure to do so did not deprive the county court of jurisdiction.

Weber's issue addresses the county court's subject matter jurisdiction, which is a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *Watkins v. Debusk*, 286 S.W.3d 58, 60 (Tex. App.—El Paso 2009, no pet.) ("Whether [appellant] timely filed his appeal bond and thereby conferred jurisdiction on the County Court at Law presents a legal question, which we review de novo."); *Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.) (same).

His issue also addresses the interpretation of the rules of civil procedure. We interpret the rules of civil procedure by the same rules that govern the construction of statutes. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007). Statutory construction is a question of law that we review de novo. *Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192

(Tex. 2007). Of primary concern is the express language of the rule or statute. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009); *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437. "When a rule of procedure is clear and unambiguous, we construe the rule's language according to its plain or literal meaning." *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437 (citing *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002)).

In its order, the county court placed the burden on Weber to bring the affidavit contest before the county court for review within five days of the justice court's disapproval of the affidavit. Although rule 749a states that the county judge shall set a hearing within five days, it also expressly requires an appellant wishing to challenge a justice court's decision to disapprove a pauper's affidavit to "bring the matter before the county judge for a final decision" within five days of the justice court's disapproval of the affidavit. Here Weber did not request that a hearing be set in county court for approximately two months, well past the five day deadline for "bring[ing] the matter before the county judge for a final decision" as set forth in the rule. Tex. R. Civ. P. 749a.

Weber cites to statutory provisions requiring expedited court hearings or other actions in which statutory deadlines for court actions were found to be mandatory, but not jurisdictional. *See, e.g.*, *In re L.R.*, 324 S.W.3d 885, 888–89 (Tex. App.—Austin 2010, orig. proceeding) (concluding that trial court did not abuse discretion by setting hearing outside statutory 30-day window); *Harrell v. Harrell*, 986 S.W.2d 629, 631 (Tex. App.—El Paso 1998, no pet.) ("While Appellant certainly had the ability to pursue mandamus relief with regard to the trial court's failure to set the matter within [the statutory deadline of] thirty days, she also was entitled to acquiesce in a later trial setting."); *Honts v. Shaw*, 975 S.W.2d 816, 820 (Tex. App.—Austin 1998, no pet.)

6

(holding that failure to comply with section of Texas Election Code which provides that judge shall set election contest for trial "for a date not later than the fifth day" after due date for contestee's answer did not deprive trial court of subject matter jurisdiction). In those cases, however, the challenge was to the court's failure to act within a statutory deadline, and the statute at issue was silent on the consequences of the court's failure to comply with the deadline.

In contrast, the issue here is whether Weber timely complied with the requirements in rule 749a applicable to an appellant wishing to bring a justice court's disapproval of a pauper's affidavit before a county judge for final decision. *See* Tex. R. Civ. P. 749a. Further, rule 749c expressly provides that an appeal is not perfected in a forcible-detainer action until either an appeal bond has been timely filed in conformity with rule 749 or a pauper's affidavit has been approved in conformity with rule 749a. *See* Tex. R. Civ. P. 749, 749a, 749c; *see also Slay v. Nationstar Mortgage, L.L.C.*, No. 02-11-00313-CV, 2012 Tex. App. LEXIS 1660, at *6 (Tex. App.—Fort Worth Mar. 1, 2012, no pet.) (mem. op.) (holding that county court did not obtain jurisdiction over appeal from justice court in forcible-detainer action because bond defective). We are also mindful that forcible-detainer actions are expedited and governed by special rules and statutes. *See Kliebert*, 672 S.W.2d at 232; *Nguyen*, 229 S.W.3d at 434. We therefore do not find the analysis of cases addressing other statutory provisions in other contexts helpful here.

The record shows that Weber did not request a hearing before the county court or take other action until approximately three months after he filed his written statement with the justice court. *See* Tex. R. Civ. P. 749a. The plain language of rule 749a requires more. *See* Tex. R. Civ. P. 749a; *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d at 437. Further, under the plain language

of rule 749c, Weber's appeal was not perfected:  Weber did not file an appeal bond and his pauper's affidavit was not approved.  *See id*. R. 749, 749a, 749c.  Accordingly, we hold that the county court did not err by concluding that it did not have jurisdiction to hold a hearing on the contest of Weber's pauper's affidavit.

## CONCLUSION

For these reasons, we overrule Weber's issue and affirm the county court's judgment.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   August 2, 2012

8