**Affirmed and Opinion Filed June 30, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00022-CV

**ROBERT PERRY, II & ALL OCCUPANTS, Appellants**
**V.**
**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05355-D**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Brown, and Justice Stoddart
Opinion by Chief Justice Wright

This is an appeal from a final judgment in a forcible detainer action awarding possession of certain real property to Federal National Mortgage Association (Fannie Mae). In one issue, Perry contends the trial court erred by not granting possession of the property to Perry. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### BACKGROUND

On June 6, 2006, Perry executed a deed of trust with respect to certain real property located at 1006 Allen Street, Dallas, Texas (the Property), securing a loan of $300,000 from First Magnus Financial Corporation. The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and nominee for First Magnus, and provided MERS had

the right to foreclose and sell the Property if Perry defaulted on the note. The deed of trust stated:

> If the Property is sold pursuant to this Section 22 [acceleration; remedies], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On January 10, 2011, MERS assigned the deed of trust to Aurora Loan Services LLC, including "the full benefit of all the powers and of all the covenants and provisos therein contained."

After an alleged default, Aurora Loan Services LLC foreclosed on the Property, conducted a non-judicial foreclosure sale, and sold the Property to Aurora Loan Services, LLC.[1] On April 29, 2011, Aurora Loan Services, LLC sold the Property to Fannie Mae pursuant to a special warranty deed. On August 14, 2013, Fannie Mae sent notices to vacate the premises via regular and certified mail to Perry and all occupants. The notices were sent to the address of the Property. Although the record does not include the return receipts for the certified mailings to show that the notices were received by Perry, Perry does not dispute receiving notice. Perry did not surrender possession of the Property.

On August 22, 2013, Fannie Mae filed an eviction suit in Justice Court, Precinct 1, Dallas County, Texas, seeking a judgment for possession. Perry was served with process but did not appear or answer. The justice court entered a default judgment granting possession of the Property to Fannie Mae. Although it is unclear from the record, Perry apparently appealed the justice court's judgment and the case was assigned to the County Court at Law No. 4 of Dallas County, Texas [Case No. CC-13-05355-D].

---

[1] The substitute trustee's deed identifies MERS as original beneficiary/mortgagee. Aurora Loan Services, LLC is identified as current beneficiary/mortgagee and as grantee/buyer.

On October 3, 2013, Perry filed a notice of removal to federal court. The county court administratively closed its file for Case No. CC-13-05355-D pending action by the United States District Court for the Northern District of Texas. On December 2, 2013, the United States District Court for the Northern District of Texas remanded the case to the County Court at Law No. 4.

Back in county court, Perry filed a plea in abatement and original answer, asserting the trial court lacked jurisdiction to adjudicate the forcible detainer suit because the issue of title to the Property was the subject of a separate lawsuit pending in the 134th Judicial District Court for Dallas County [Case No. DC-13-14787]. The day before the forcible detainer trial, Perry obtained a temporary restraining order in Case No. DC-13-14787, restraining Fannie Mae from filing a substitute trustee's deed and/or a writ of possession or otherwise taking possession of the Property during the pendency of that cause, or otherwise disturbing Perry's peaceable possession and enjoyment of the Property.

Concluding that nothing in the temporary restraining order in Case No. DC-13-14787 restrained its ability to hear the forcible detainer cause in Case No. CC-13-05355-D, the county court proceeded with a de novo bench trial on December 19, 2013. After consideration of the evidence and testimony, the court entered a final judgment denying Perry's plea in abatement and granting possession of the Property to Fannie Mae. Perry now appeals to this Court.

## DISCUSSION

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). The process "is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title." *Id*. at 926–27. Indeed, the applicable rule of procedure provides that "[t]he court must adjudicate

–3–

the right to actual possession and *not* title." TEX. R. CIV. P. 510.3(e) (emphasis added). The only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Williams*, 315 S.W.3d at 927. To prevail, the plaintiff need not prove title to the property; the plaintiff is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). When the issue of immediate possession requires resolution of a title dispute, however, neither the justice court nor the county court at law have jurisdiction to render a judgment for possession. *Id*. at 708–09.

In his sole issue, Perry contends the trial court erred by not granting possession of the Property to him for three reasons: (1) Perry demonstrated a superior right to possession, and Fannie Mae failed to controvert any of his evidence at trial; (2) any interest Fannie Mae may have had in the Property was extinguished by the foreclosure sale; and (3) the temporary restraining order obtained in Case No. DC-13-14787 deprived the trial court of jurisdiction to rule in the forcible detainer cause in Case No. CC-13-05355-D. We begin our discussion with Perry's contention regarding jurisdiction.

At trial, Perry informed the trial court of his pending lawsuit in district court to quiet title and argued the forcible detainer suit should be abated pending resolution of his quiet title suit because the issues of title and possession were intertwined. But Perry provided no evidence or explanation demonstrating how the issues of title and possession were intertwined or why resolution of the title dispute was a prerequisite to determination of the right to immediate possession. Instead, Perry presented the temporary restraining order as evidence and argued that by granting the temporary restraining order, the district court had ruled that title and possession were intertwined in this case. The trial court rejected Perry's assertion and found nothing in the

–4–

temporary restraining order to deprive the trial court of jurisdiction over the forcible detainer cause.

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004 (West 2014); TEX. R. CIV. P. 510.10(c); *Rice*, 51 S.W.3d at 708. However, forcible detainer actions are not exclusive. *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936). Forcible detainer actions are cumulative of any other remedy that a party may have in the courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession. *Rice*, 51 S.W.3d at 709. "For the district court to enjoin the exercise of the justice court's exclusive jurisdiction in a forcible entry and detainer case, there must be a showing that the justice court is without jurisdiction to proceed in the cause or the defendant has no adequate remedy at law." *McGlothin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). Perry did not make the requisite showing, and the trial court did not err in proceeding with the forcible detainer trial. *See id.* (justice court had jurisdiction because suit was landlord-tenant dispute over possession and tenant's adequate remedy at law was to defend himself in justice court suit); *see also Slay v. Fugitt*, 302 S.W.2d 698, 701 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.) (when sole issue involved is one of possession, district court has no authority to restrain by injunction a trial of the same issue in justice court).

Perry asserts that he demonstrated a superior right to possession and Fannie Mae failed to controvert any of his evidence at trial. However, Perry does not refer us to any evidence of his

superior right to possession, and the only evidence Perry presented at trial was the temporary restraining order he obtained in Case No. DC-13-14787. Perry contends that any interest Fannie Mae may have had in the Property was extinguished by the foreclosure sale. However, Perry does not provide a clear and concise argument, citation to the record, or citation to applicable authorities to support his contention. *See* TEX. R. APP. P. 38.1. Furthermore, our review of the record indicates that Fannie Mae did not acquire an interest in the Property until after the foreclosure sale.

To prevail and obtain possession in its forcible detainer action, the law required Fannie Mae to show: (1) it owned the Property by virtue of the deed from the entity that obtained the Property by substitute trustee's deed after a foreclosure sale; (2) Perry became a tenant at sufferance when the property was sold under the deed of trust; (3) Fannie Mae gave proper notice to Perry requiring him to vacate the premises; and (4) Perry refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002(a)(2), 24.002(b) (West 2014); TEX. PROP. CODE ANN. §24.005 (West 2014); *see also United States Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.). At trial, Fannie Mae proved its right to possession of the Property by presenting in evidence the deed of trust, the corporate assignment of the deed of trust, the substitute trustee's deed, the special warranty deed, and the notice to Perry and all other occupants to vacate. The deed of trust showed Perry, as borrower, conveyed the Property to a trustee for the benefit of MERS, as nominee for First Magnus. The deed of trust stated that upon a sale pursuant to the deed of trust, Perry would become a tenant at sufferance and subject to a forcible detainer action if he refused to vacate the Property. Pursuant to the corporate assignment of deed of trust, MERS assigned the deed of trust to Aurora Loan Services LLC, including "the full benefit of all the powers and of all the covenants and provisos therein contained." The substitute trustee's deed detailed the default on the note, the foreclosure

pursuant to the deed of trust, and the sale of the Property to Aurora Loan Services, LLC. Aurora Loan Services, LLC conveyed the Property to Fannie Mae by special warranty deed. The notice to vacate informed Perry of his tenant-at-sufferance position and Fannie Mae's requirement that he vacate the property. Perry refused to vacate the Property.

This evidence was sufficient to establish Fannie Mae's right to immediate possession of the Property. Accordingly, we conclude the trial court did not err in granting judgment for Fannie Mae. We overrule Perry's sole issue.

Accordingly, we affirm the judgment of the trial court.

140022F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT PERRY, II & ALL
OCCUPANTS, Appellants

No. 05-14-00022-CV        V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-13-05355-D.
Opinion delivered by Chief Justice Wright.
Justices Brown and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE ASSOCIATION
recover its costs of this appeal from appellants ROBERT PERRY, II & ALL OCCUPANTS.

Judgment entered June 30, 2015.