COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MICHAEL MURRAY AND COLLEEN MURRAY, | § | No. 08-11-00353-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 1 |
| | § | |
| US BANK NATIONAL ASSOCIATION, As Trustee for CREDIT SUISSE FIRST BOSTON HEAT 2006-3, | § | of Tarrant County, Texas |
| | § | (TC#2011-001399-1) |
| | § | |
| Appellee. | | |

## O P I N I O N

Michael and Colleen Murray appeal a forcible detainer action arising from the foreclosure sale of their home by mortgagee Home Loan Company d/b/a Expanded Mortgage Credit ("HLC") to Appellee U.S. Bank National Association ("the Bank"), the trustee for Credit Suisse First Boston HEAT 2006-3. After a hearing in justice court, a Justice of the Peace granted the Bank's writ of possession. Appellants then appealed to the County Court at Law No. 1 in Tarrant County, Texas, which also granted a writ of possession following a *de novo* hearing. We hear this case on appeal from the county court. Appellants challenge the factual sufficiency of the county court order in a single issue. For the following reasons, we affirm the county court's grant of a writ of possession.

## FACTUAL BACKGROUND

In 2005, Appellants obtained a loan from HLC to purchase a home located at 4948 Trail Creek Drive ("the Murray home") in Fort Worth and executed a deed of trust granting HLC a security interest in the property. The deed of trust provided that if Appellants defaulted on their mortgage and HLC sold the home at a foreclosure sale, Appellants "or any person holding possession of the Property . . . shall immediately surrender possession of the Property to the purchaser at that sale." Failure to comply with this provision of the deed of trust would create a tenancy at sufferance, allowing the purchaser to evict Appellants in a forcible detainer action.

On December 7, 2010, HLC designated Janae Urbanczyk, a substitute trustee, as its agent to sell the Murray home to the Bank at a foreclosure sale. Appellants contend that the Bank has provided no evidence showing that Urbanczyk was duly authorized to conduct the sale. Following the foreclosure sale of the Murray home, the Bank sent Appellants a notice to vacate the Murray home within three days of the notice date. When Appellants did not vacate the premises, the Bank filed suit for forcible detainer in justice court. Following a hearing in which the Bank presented the trustee's deed, the deed of trust, and copies of the notice to vacate, the Justice of the Peace granted the Bank a writ of possession. A county court at law upheld the writ after a *de novo* bench trial.

## DISCUSSION

In their sole issue on appeal, Appellants argue that the order for forcible detainer should be vacated because the Bank did not meet its evidentiary burden in establishing a superior right of possession to the property. Appellants contend that the Bank did not affirmatively establish that the substitute trustee who executed the trustee's deed at the foreclosure sale was duly appointed and acting within the scope of her authority. As such, Appellants claim the Bank's title is

2

defective, no tenancy at sufferance came into being under the terms of the deed of trust, and the grant of eviction based on that nonexistent landlord-tenant relationship is void. The Bank responds that bare color of title alone is enough to meet the evidentiary threshold for a forcible detainer order, and that Appellants improperly seek to litigate questions of title at a possession hearing in justice court when challenges to legitimacy of title must be properly brought in a separate, parallel suit in county court.[1] In the alternative, the Bank argues that the record provides some evidence showing that the trustee was duly authorized to conduct the sale.

A forcible detainer action is an expedited proceeding intended to "provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises" where no unlawful entry occurs. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex.App.--Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Id*. at 709. The Texas Legislative has specifically bifurcated the questions of possession and title, and placed jurisdiction for adjudicating those issues in separate courts. The justice courts are granted original jurisdiction over forcible detainer actions, but they are "expressly denied jurisdiction to determine or adjudicate title to land" by statute. *Id.* at 708-09; TEX.GOV'T CODE ANN. § 27.031(b)(West Supp. 2012). "[W]here the right to immediate possession necessarily requires resolution of a title dispute, the justice court has no jurisdiction to enter a judgment and may be enjoined from doing so" by the county court. *Rice*, 51 S.W.3d at 709.

Forcible detainer judgments may be appealed to the county courts for a *de novo* hearing on

---

[1] Michael Murray's trial testimony established that a separate suit on the issue of title had been filed in the 348th District Court of Tarrant County and set for trial on July 25, 2011. However, there is no evidence in the record showing the ultimate outcome of that proceeding.

the issue of possession. *Rice*, 51 S.W.3d at 708. The county courts also have original jurisdiction over title disputes, and may adjudicate title to land in separate proceedings. *Id.* However, when sitting as appellate courts, the county courts' jurisdiction is limited to that of the justice courts. *Id.* In other words, where a county court hears an appeal from a justice court on a forcible detainer action, it is constrained to reviewing only the issue of possession, not title. *See* TEX.R.CIV.P. 746 ("the merits of the title shall not be adjudicated" in a forcible detainer action). Here, because the county court sat as an appellate court in this particular action, it only had the power to rule on the issue of possession. *Rice*, 51 S.W.3d at 709.

The Bank argues that the resolution of the possession issue in this case does not hinge on resolution of title because Appellants have not presented an actual dispute as to title. Appellants do not complain that the Trustee's Deed is in fact defective, nor do they provide any evidence that the trustee actually acted outside the scope of her authority in executing the deed. Instead, they argue that the Bank has the burden of proving step-by-step that the Trustee's Deed is valid. Not only does this argument subvert the Legislature's intent in expediting possession determinations and preventing protracted title litigation in the justice courts, *see Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936), it misapprehends the burden of proof on appeal. Because Appellants brought a no-evidence challenge to the county court's judgment for a writ of possession, we are bound to uphold the county court's judgment upon a showing of "any evidence of probative force" in the record. *In re King's Estate*, 244 S.W.2d 660, 661 (Tex. 1951). Under this standard, bare allegations will not suffice to defeat the Bank's presumptively valid evidence of a Trustee's Deed.

Appellants' argument that the county court erred because the Bank must affirmatively establish title step-by-step is without merit. The Bank argues that in other forcible detainer cases,

4

bare presentment of a substitute trustee's deed, a deed of trust, and notice to vacate letters are sufficient to establish a plaintiff's evidentiary burden. *See, e.g., Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex.App.--Dallas 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex.App.--Dallas 2010, no pet.). Appellants cannot provide contrary authority justifying their position, but instead distinguishes *Shutter* and *Williams* by arguing that the issue of trustee appointment was not disputed in those cases. We find this to be a distinction without difference.

Because the Bank provided an executed and presumptively valid trustee's deed, the deed of trust, and the notice to vacate, and because Appellants did not adduce any evidence of an actual title dispute that would deprive the justice court and the county court of jurisdiction, the county court properly granted the writ of possession. Appellants may properly seek resolution of any dispute to title in a separate, original action filed in county court.

Issue One is overruled. We affirm the county court's judgment.


October 11, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.