

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHRYSANTH GRUENANGERL and BERTHA (PEREZ) GRUENANGERL, | § | No. 08-24-00312-CV |
| | § | Appeal from the |
| Appellants, | § | County Criminal Court at Law #1 |
| v. | § | of El Paso County, Texas |
| ARMANDO SAENZ, | § | (TC# 2024-CCV-00520) |
| Appellee. | | |

### MEMORANDUM OPINION

This appeal arises from a forceable detainer action filed by Appellee, Armando Saenz, seeking to evict Appellants, Chrysanth Gruenangerl and Bertha (Perez) Gruenangerl, from a house in Central El Paso (the Property). Appellants appeal from the final judgment of eviction rendered against them. For the reasons below, we affirm the trial court's decision.

## I. FACTUAL BACKGROUND

In April 2024, Mr. Saenz filed a petition in the justice of the peace court seeking to evict Appellants from the Property. He stated that Appellants needed to vacate the Property because he wanted to remodel and that a notice to vacate had been hand-delivered to Appellants on March 25, 2024. The petition alleged Appellants failed to vacate by May 9, 2024.

Appellants filed a pro se answer alleging they had made payments to Mr. Saenz from September 2014 to May 2024, and these payments had more than paid off Mr. Saenz's lien against the house. After the justice of the peace court signed a judgment of eviction, Appellants appealed to the county criminal court. In the county court, Appellants filed a counterclaim for breach of contract alleging this case was about property ownership, not eviction:

> The plaintiff, Mr. Armando Saenz, told defendants that he wishes to sell his own [sic] to us and that we should continue paying for the house and that the house will be ours, we have a contract for deed. We have been paying for the house in cash as required by the plaintiff the amount of $450.00 in cash payments. Defendants believe that they are the owners of the property as a matter of law based on the contract deed and the payments defendants have made which are not in dispute. This is not an eviction case, this is an ownership of property case.

The county court conducted a hearing at which Mr. Saenz appeared with counsel, Appellants appeared pro se, and Mr. Saenz testified. Mr. Saenz testified that he owned the Property, which he had rented to one or both Appellants for the past 23 to 24 years. He originally rented to Ms. Gruenangerl (formerly Perez) and then, about ten years ago, she married Mr. Gruenangerl and he moved into the Property. Mr. Saenz testified that he had a written lease agreement from over 20 years prior, but he could not find it. He said that after the lease had expired, Appellants continued to rent on a month-to-month basis. He said he wanted to remodel the house but could not do so if Appellants remained in the house. Therefore, his wife hand-delivered to Appellants a 30-day notice to vacate. He said Appellants had not vacated the Property, and they owed one month's rent.

When given the opportunity to cross-examine Mr. Saenz, Mr. Gruenangerl asked only why Mr. Saenz had not come to them to explain why he wanted them out of the house. Mr. Saenz did not answer because the court sustained his attorney's objection based on relevance. The notice to vacate was admitted in evidence without objection.

2

After Mr. Saenz's counsel rested, Mr. Gruenangerl said the contract to buy the Property on which his counterclaim was based was a verbal contract. When Mr. Gruenangerl continued to insist that he was not in court "about the eviction" but instead was in court about his counterclaim, the court reminded him the hearing was not on a breach-of-contract claim, but was his own appeal from the judgment of eviction entered by the justice of the peace court. After allowing Mr. Gruenangerl to plead his case, the court went off the record to allow the parties an opportunity to come to an agreement as to how long Appellants could remain in the house. Once back on the record, Mr. Saenz's attorney announced Appellants had 30 days to vacate.

The trial court signed a final judgment concluding that Mr. Saenz had a superior right to possession of the Property and was entitled to court costs. The court granted Mr. Saenz possession of the Property and ordered Appellants to vacate by August 31, 2024; ordered that a writ of possession could issue as provided by law but no earlier than September 11, 2024; awarded Mr. Saenz $308 in court costs; and set a supersedeas bond at $5,400.00. Appellants filed a pro se notice of appeal with this Court.

## II. APPLICABLE LAW AND STANDARD OF REVIEW

As a preliminary matter, we recognize that Appellants are acting pro se on appeal and we must construe their brief "liberally, and with patience." *See Smart v. Prime Mortgage & Escrow, LLC*, 659 S.W.3d 155, 160 (Tex. App.—El Paso 2022, pet. denied). Although Appellants' brief does not include a section specifically stating the issue(s) presented for review as required by Texas Rule of Appellate Procedure 38.1(f), "we are mindful of our duty to construe appellate briefs 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver' and to 'reach the merits of an appeal whenever reasonably possible.'" *Conroy v. Wilkerson*, 626 S.W.3d 24, 30 (Tex. App.—El Paso 2021, no pet.) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)

(per curiam)). We understand Appellants' argument as a challenge to the factual sufficiency of the evidence in support of the trial court's final judgment evicting them from the Property. To the extent Appellants argue otherwise, that point has been waived by inadequate briefing under Rule 38.1(i). *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## A. Standard of review

"In a [bench] trial, where no findings of fact or conclusions of law are filed or requested, it will be implied that the trial court made all the necessary findings to support its judgment." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). "A trial court's findings of fact are reviewed for factual sufficiency of the evidence under the same legal standards as applied to review of jury verdicts for factual sufficiency of the evidence." *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam).

In reviewing a challenge to the factual sufficiency of the evidence supporting a vital fact, we must consider, weigh, and examine all the evidence in the record, both in support of and against the finding, to decide whether the verdict should be set aside. *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). If a party attacks the factual sufficiency of the evidence supporting an adverse finding on an issue on which it did not have the burden of proof, that party must show the finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Cain*, 709 S.W.2d at 176. The fact-finder is the sole judge of the credibility of witnesses and the weight to be given to their testimony. *Arcides v. Rojas*, 677 S.W.3d 154, 159 (Tex. App.—El Paso 2023, no pet.). We defer to the fact-finder's determination of the credibility of the witnesses and the weight

of their testimony. *Kiehne v. Jones*, 247 S.W.3d 259, 263 (Tex. App.—El Paso 2007, pet. denied). We may not substitute our judgment for that of the fact-finder. *Arcides*, 677 S.W.3d at 159.

### B. Law governing evictions

Eviction suits are designed to provide "a summary, speedy, and inexpensive remedy for the determination of who is entitled to possession of the premises." *Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 883 (Tex. 2024) (quoting *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984)). Eviction suits are limited in scope and effect, with the "sole focus" being "the right to immediate possession of real property." *Id.* (quoting *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017)); *see Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) ("The only issue in a forcible detainer action is the right to actual possession of the premises.").

To prevail in an eviction case, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Mendoza v. Bazan*, 574 S.W.3d 594, 602 (Tex. App.—El Paso 2019, pet. denied). The elements of a landlord's cause of action for forcible detainer (i.e., eviction) are: (1) a landlord-tenant relationship exists between the parties; (2) the tenant can be evicted because he is a holdover tenant, tenant at will, tenant at sufferance, or the tenant of a person who acquired possession by forcible entry; (3) the landlord made a proper demand for possession; (4) the period of time to vacate the property has expired; and (5) the tenant has refused to surrender possession to the landlord. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446–47 (Tex. App.— Houston [1st Dist.] 2006, pet. denied); Tex. Prop. Code Ann. § 24.002(a) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: (1) is a tenant or a subtenant willfully and without force holding over after the termination of the

tenant's right of possession; (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or (3) is a tenant of a person who acquired possession by forcible entry."); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013) (defining "tenant at will," "holdover tenant," and "tenant at sufferance").

## III. ANALYSIS

Neither party produced a written document evidencing either a month-to-month lease or an agreement to sell the Property to Appellants. Therefore, the trial court was left with only Mr. Saenz's testimony and Mr. Gruenangerl's arguments. Mr. Saenz testified that he owned the Property and leased it to Appellants on a month-to-month basis, while Mr. Gruenangerl argued the parties had a verbal agreement for the sale of the Property. On appeal, we defer to the trial court's determination of both the credibility of the witnesses and the weight of their testimony. *See Kiehne*, 247 S.W.3d at 263. Therefore, we conclude that the evidence is sufficient to support the trial court's implied finding that a landlord-tenant relationship existed between the parties.

There is no dispute that after Mr. Saenz gave notice to vacate and Appellants did not surrender possession, they became tenants at sufferance. *See* Tex. Prop. Code Ann. § 24.002(a)(1) ("A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant . . . wilfully and without force holding over after the termination of the tenant's right of possession[.]"); *Coinmach Corp.*, 417 S.W.3d at 915 ("upon termination of the lease, Coinmach became a 'tenant at sufferance'"). Accordingly, we conclude that the evidence is sufficient to support the trial court's implied finding that Appellants could be evicted because they were tenants at sufferance. There also was no dispute that Mr. Saenz had made a proper demand for possession; the period of time to vacate the Property had expired; and Appellants

6

refused to surrender possession to Mr. Saenz. Thus, we conclude that the evidence is factually sufficient to support the trial court's implied findings on the remaining elements of Mr. Saenz's eviction suit and consequently its determination that Mr. Saenz demonstrated a superior right to immediate possession of the Property.

## IV. APPELLANTS' COUNTERCLAIM

Appellants' counterclaim for breach of contract alleged that "this is an ownership of property case" and Appellants are "the owners of the property as a matter of law based on the contract deed and the payments [they had] made which are not in dispute." As stated above, "[t]he only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall*, 198 S.W.3d at 785. "The Texas Legislat[ure] has specifically bifurcated the questions of possession and title, and placed jurisdiction for adjudicating those issues in separate courts." *Murray v. U.S. Bank Nat. Ass'n*, 411 S.W.3d 926, 928 (Tex. App.—El Paso 2013, no pet.). Justice courts are granted original jurisdiction over eviction actions, but they are "expressly denied jurisdiction to determine or adjudicate title to land" by statute. *Id.* (citation omitted).

Judgments of eviction may be appealed to the county courts for a de novo hearing on the issue of possession. *Id.* While county courts also have original jurisdiction over title disputes and may adjudicate title to land in separate proceedings, when as here, a county court sits as an appellate court, the county court's jurisdiction is limited to that of the justice court's jurisdiction. *Id.*; *see also Westwood Motorcars*, 689 S.W.3d at 883 (holding county court has no greater jurisdiction than the justice court had). Accordingly, in this particular action, the county court only had jurisdiction to rule on the issue of possession, not on Appellants' counterclaim.

However, an "eviction suit in justice court is 'not exclusive, but cumulative, of any other remedy that a party may have,' and matters beyond 'the justice court's limited subject matter

7

jurisdiction' may be brought in another 'court of competent jurisdiction.'" *Westwood Motorcars*, 689 S.W.3d at 883 (quoting *McGlothlin*, 672 S.W.2d at 233). "Rule 510, which governs eviction cases, identifies 'the right to actual possession' as the '[o]nly [i]ssue' in an eviction case and specifies that claims 'not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction.'" *Id.* (quoting Tex. R. Civ. P. 510.3(e)).

While the county criminal court here only had jurisdiction to hear the appeal of the justice of the peace court's eviction judgment, that judgment "is not . . . a final determination of the parties' ultimate rights, the wrongfulness of the eviction, or any other question." *Id.* Therefore, our opinion should not be construed as a ruling on the merits of Appellants' counterclaim.

## V. CONCLUSION

For the reasons stated above, we affirm the trial court's judgment of eviction.

LISA J. SOTO, Justice

December 30, 2024

Before Alley, C.J., Palafox and Soto, JJ.

8